

RECEIVED

JAN 1 1 2018

RICHARD W. NAGEL, CLERK OF COURT

COLUMBUS, THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCT OF OHIO

GWANJUN KIM
10160 Carr Rd
Jeffersonville, OH 43128

                                        *Plaintiff,*          Case No. _____      **2:18CV0029**

                                                              **COMPLAINT**      Judge Graham

Vs.                                                           MAGISTRATE JUDGE VASCURA

GRAND VALLEY STATE UNIVERSITY; THOMAS J. HAAS;
GRAND VALLEY STATE UNIVERSITY, COLLEGE OF EDUCATION;
ELAINE C. COLLINS;PAULA LANCASTER;OLIVIA A. WILLIAMS;
GRAND VALLEY STATE UNIVERSITY, COLLEGE OF COMMUNITY AND
PUBLIC SERVICE;L___ :           [;LOIS SMITH OWENS;
            George Grant                                      *Defendants*
1 campus drive Allendale Michigan 49401

EDWARD J BARDELLI;
GREGORY M. KILBY
                                        *Defendants*
900 Fifth Third Center 111 Lyon Street N.W.
Grand Rapids, MI 49503
(616)752-2712

## COMPLAINT

## JURISDICTIONAL STATEMENT

Plaintiff is re-filling Complaint the claim that the issues were statute of limitation at the United States District Court Western Michigan Case no 16-2321that the United States Court of Appeal for The Sixth Circuit Case no 16-2321ordered that on December 22, 2017"we VACATE the district court's judgment and REMAND to the district court [of Michigan] to dismiss this case for lack of subject-matter jurisdiction *See*. Exhibit A. "Shall be tolled while the claim is pending and for a period of 30 days after it is dismissed" 28 U.S. Code § 1367(d).

On January, 9 2018 the re-filing will relate back to the original filing that is, the re-filed lawsuit will be treated as though it was filed on the original filing date on March 28, 2016. Accordingly, the plaintiff will not be barred from seeking relief based on the same claims defendants violated of under Federal Rule of Civil Procedure 9(b) and involving questions of False Claim Act, 31 U.S.C. § 3729(a)(1)(B)and will be allowed to pursue his claims despite the re-filed lawsuit being outside of the statute of limitations period. *See Sharp Bros. Contr. v. Westvaco Corp.*, 817 P.2d 547 (Colo. App. 1991).

This Court has Supplemental jurisdiction 28 U.S. Code § 1367 over the case. It can be hear cases that involving a dispute among resident of different state; Most *Kim III* defendants are citizen of the State of Michigan. No defendants are a citizen

1

of the same state as any plaintiff pursuant to 28 U.S.C. § 1332. Plaintiff is seeking

damages demand amount of $5,000,000.00 each defendant 31 U.S. Code § 3729

(b)(2)(A) and demand amount $ fifty-five (55) Million total.

Plaintiff has any corporate ownership and pleads grounds for relief under

9(b), and state a claim upon which relief can be granted pursuant to Federal Rule

of Civil Procedure 12(**b**)(6),and plead fraud with particularity under Federal Rule

of Civil Procedure 9(b)

## INTRODUCTION

A. Plaintiff

1.      Plaintiff GWANJUN KIM is a citizen of the United States and a resident of

the State of Ohio, County of Clinton.

In Marsh, 2011 Kim filed against defendants named in *Kim v. Grand Valley*

*State University.,(Kim I)* the United State District Court Western Michigan case #

1:11-cv-00233. The United States Court of Appeal for the Six Circuit 12-01401,

12-02407, 13-02354. (*Kim I*)

Thomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A. Williams; George
Grant; Lois smith Owens; Grand Valley State University; Grand Valley State
University, College of Education; Grand Valley State University, College of
Community and Public Service Nine(9) defendants

2

The district court finds that dismiss Kim's § 1983 and Title VI claim for
failure to state a claim upon which relief can be granted: the *Kim I* Defendants "to
correct the miscalculation[1] "and "follow the Grand Valley University (their)Rules[2]

On March, 28 2016, ("*Kim II*") brought a False Claim Act, 31U.S.C. §
3730(b)(1) A person may bring a civil action for a violation of section 3729 for the
person. Kim filed against defendants named in *Kim v. Grand Valley State
University.,(Kim II)* the United State District Court Western Michigan case No.
1:16-CV-309.

B. Eleven (11). *Kim II* Defendants

2.      (1) Defendants Grand Valley States University(GVSU); (2)Grand Valley
State University College of Education (GVSU COE);(3) Grand Valley State
University College of Community and Public Service (GVSU COCOP);(4)
President GVSU Tomas J. Haas (Haas);(5) Dean of GVSU COE Elaine C. Collins
(Collins); (6)Chair of the GVSU COE Paula Lancaster(Lancaster);(7) GVSU COE
professor Olivia A Williams(Williams); and(8) Dean of GVSU COCOP George
Grant Jr.(Grant) ;(9) GVSU COCOP Instructor Lois Smith Owens (Owens)
;(10) Attorney Defendant Edward J Bardelli (P53849) (Bardelli); and(11) Attorney
Defendant Gregory M. Kilby(P68266)(Kilby) eleven (11) defendants. *Kim II*
defendants.

---

[1] **Count I** Three lesbian and a gay Defendants were refused, the school record suggests that correctly calculation his Ed 635grades, 700 point pulse 304point is 1004 points (700+304=1004) The defendants ; the College of Education Grand Valley State University had independently calculated 700+304=600 points and granted grade of "D" and The Grand Valley State University independently calculated 700+304=700points grade of "C", because his is not lesbians, or gay Muslim, black, white, or he is an Korean-American. Amended Compl. at ¶¶ ¶5abc, 6abcdd,7.
[2] **Count II**. ; Defendants Collins, Haas refused complies with the GVSU Rule readmission application. The GVSU Rule that the defendants must accept readmission application from one year academic probation. The defendants were not comply the Rule because his is not lesbians, Muslim, black, white, or Muslim. or Korean-American. Amended Compl.at ¶¶ 8,8abc,10.
**Count III** Defendants was refused the Defendant Owens-black lesbian Corruption Hearing Amended Compl.at ¶¶6, 7,8,12
Thomas J. Haas, Elaine C. Collins, Paula Lancaster, Olivia A. Williams, George Grant, and Lois smith Owens
Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University, College of community and Public Service

August 19, 2016 the district court finds granted Defendants' Motion to
dismiss that Kim's False Claim Act, 31 U.S.C. § 3729(a)(1)(B) that this caused
claims *for Kim II* judgment appeal to Six circuit Court. On December 22, 2017 the
Sixth court of appeal Case no 16-2321 finds that "we VACATE the district court's
judgment[3] and REMAND to the district court to dismiss this case for lack of
subject-matter jurisdiction"(**Exhibit A**)

On January 2018, ("*Kim III*") RE-brought a False Claim Act, 31 U.S.C. §
3730(b)(1) again, "A person may bring a civil action for a violation of section 3729
for the person" 31 U.S.C. § 3730(b)(1). Kim filed against defendants named in *Kim
v. Grand Valley State University.,(Kim II)* the United State District Court Western
Indiana. In this case, plaintiff could submit a new complaint with a valid claim and
continue to adjudicate.

C . Eleven (11) *Kim III* Defendants

(1) Grand Valley States University(GVSU); (2)Grand Valley State University
College of Education (GVSU COE);(3) Grand Valley State University College of
Community and Public Service (GVSU COCOP);(4) President GVSU Tomas J.
Haas (Haas);(5) Dean of GVSU COE Elaine C. Collins (Collins); (6)Chair of the
GVSU COE Paula Lancaster(Lancaster);(7) GVSU COE professor Olivia A
Williams(Williams); and(8) Dean of GVSU COCOP George Grant Jr.(Grant) ;(9)
GVSU COCOP Instructor Lois Smith Owens (Owens)*Kim III* defendants.

1 campus drive Allendale Michigan 49401

(10) Attorney Defendant Edward J Bardelli (P53849) (Bardelli); and(11) Attorney

---

[3] August 19, 2016 Judgment was favor of all named defendants and against Plaintiff GwanJun Kim.

4

Defendant Gregory M. Kilby(P68266)(Kilby) eleven (11) defendants. *Kim III* defendants as same as *Kim II* defendants

900 Fifth Third Center 111 Lyon Street N.W.
Grand Rapids, MI 49503-2487

Plaintiff GWANJUN KIM alleges as follows:

*Kim III,* Defendants over Seven (7) years AND *the thirteenth [fourteenth] times"* violated at Title 28 App Federal Title Rule 9. Federal Rules of Civil Procedure at the United State District Court Western Michigan case # 1:11-cv-00233. ("*Kim I*")Articulate the appropriate rule 9(b) standard for claims alleging a widespread scheme to commit fraud and submit false claims demanded sum $55 million exclusive of interest and costs.

Kim asserts that this shame caused of the claim for defendants'

### D. CAUSE OF ACTION

### 31U.S.C. § 3730 Civil Action for False Claim Act

### COUNT I.

*Kim I, II, III,* **Defendants Grand Valley State University el., al** *"knowingly makes, fraudulent claim."* **31 U.S.C. § 3729(a)(1)(B)that the U.S. Marshals Record indicated that the U.S. Marshal Christine Elmy (b)(7)(C) actually mailed eighteenth(18)of the USM Form-299** *Receipt of Summons and complaint* **to nine (9)Defendants (Exhibit C)that On March 28, 2011 that "*Kim I* [nine (9)] defendants has not been serve "(Order *Kim II,* ECF No. 34 p.2 )(Exhibit B)**

3        Kim alleges that Kim "pleads with particularity"[4] that Grand Valley State University el., al *"knowingly makes, statement material to a false or fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B) at

the United State District Court Western Michigan case # 1:11-cv-00233,(*Kim I*)   # 1:16-cv-00309-PLM-PJG and United States Court of Appeal for the Six Circuit 12-1401, 12-02407, and 13-02354(*Kim I*) The *Kim I* and *Kim II* Judge Jonker belied by defendants

a.        *the thirteenth [fourteenth] times* "[5] "false statement made by defendant[6]"that "claim was submitted"[7] __Indifference__ on August 19, 2016 Chief Judge Jonker order that "[on March 28,2011"*Kim I* [nine (9)] defendants has not been serve "(Order *Kim II*, ECF No. 34 p.2 )(Exhibit B)[8],as to its truth March 28, 2011defendants has been serve but Defendants had NEVER been returned the USM Form-299 *Receipt of Summons* to the Court. To *See*, Exhibit C p.1, 8, 11,14, 17,20, 23, 26 and 4 (9defendants)

Defendants "allegedly false statement made by defendant[9]" that the Clerk's office issued Summons to all defendants on Marsh 25, 2011. Fifty eight (58) days later, on May 18, 2011, and eighty four (84days) later June 16, 2011, the U.S.

---

[4] *See. United States v. Cline*, 362 F.3d 343,348 (6th Cir. 2004)
[5] *Kim II*, Defendants argued defendants' motion to dismiss that "This is the thirteenth times this that Kim has brought before the Court the issue (*Kim II*, ECF No. 32 p.2    ).
[6] Allegedly false statement made by defendants. Thus, the connection between false statement and claim submitted to government[ Court]remains "too attenuated to establish liability." *See Allison Engine Co.*, 553 U.S. at 671-72
[7] "has pled facts which support a strong inference that a claim was submitted." *Prather*, 838 F.3d at 769 (quoting *chesbrough v. VPA, P.C.*, 655 F.3d 461, 471 (6th Cir. 2011)
[8] Exhibit C p.1, 8,11,14,17,20,23, 26 (8defendants)
[9] Allegedly false statement made by defendants. Thus, the connection between false statement and claim submitted to government[ Court]remains "too attenuated to establish liability." *See Allison Engine Co.*, 553 U.S. at 671-72

Marshals mailed the nine(9)Summons, nine (9) complaint and the eight (9)USM Form-299 *Receipt of Summons* to nine(9) defendants *See.* Exhibit C p 3, 8, 11,14, 17,20, 23, 26 and 4(9defendants) or Exhibit D.

,as to its truth, the Clerk's office issued Summons to all defendants on Marsh 25, 2011. Three days later , on March 28, 2011 the U.S. Marshals mailed the nine(9)Summons, nine (9) complaint and the eight (8)USM Form-299 *Receipt of Summons* to nine(9) defendants *See.* Exhibit C p. 7, 10,13 ,16 ,19, 22, 25, and June 16, 2011 defendant Lois Smith Owens has been serve by the U.S. Marshals. *See.* Exhibit C p. 8

The U.S. Marshals Record indicated that the U.S. Marshal Christine Elmy (b)(7)(C) actually mailed eighteenth(18)of the USM Form-299 *Receipt of Summons* to nine (9)Defendants see. Exhibit C because defendants had NEVER been returned the USM Form-299 *Receipt of Summons* to the Court. Exhibit C p.1, 8, 11, 14, 17, 20, 23, 26 and 6

*Kim I* the nine (9) defendants' eighteen (18) USM Form-299 *Receipt of Summons* addresses are same as

Thomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A. Williams; George Grant; Lois smith Owens; Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University, College of Community and Public Service Nine(9)defendants.
1 campus drive Allendale Michigan 49401. See. Exhibit C.

b.        Defendants *"knowingly makes, fraudulent claim."* 31 U.S.C. §

3729(a)(1)(B) that "claim was submitted"[10]**Indifference** August 19, 2016 *Kim I, II*

Judge Jonker ordered that "Their answer- waived service [defendants Answered

Seventy-one (71) days later[11] June 3, 2011] -was therefore timely[*within 21days*[12]]"

(Order *Kim II,* ECF No. 34 p.2 )

,as to its truth March 28, 2011defendants has been serve but Defendants had

NEVER been returned the USM Form-299 *Receipt of Summons* to the Court. To

*See*, Exhibit C p.1, 8, 11,14, 17,20, 23, 26(defendants) and defendants Answered

Seventy-one (71) days later[13] June 3, 2011 was therefore untimely[*within*

*21days*[14]]".The *Kim I, Kim II* Judge Jonker had been maliciously denied *Kim I,*

Application for entry of default and default Judgment. Kim has "establish liability"

[15] *See Allison Engine Co.*, 553 U.S. at 671-72. The U.S. Sixth Court of appeal

*"*VACATE the district court's judgment and REMAND to the district Court…"This

is evidence that "defendants is liable for the misconduct alleged *Id*".

c.        Defendants *"knowingly makes, fraudulent claim."* 31 U.S.C. §

3729(a)(1)(B) that on December 18, 2017 the U.S. Marshal service William E.

---

[10] "has pled facts which support a strong inference that a claim was submitted." *Prather,* 838 F.3d at 769 (quoting *chesbrough v. VPA, P.C., 655 F.3d 461, 471 (6th Cir. 2011)*
[11] On March 25, 2011 the court issued Summons and delivered to US. Marshals service. June 3, 2011 defendants answered to complaint (Exhibit D)
[12] Rule 12(a)(1)(A)(i)A defendant must serve an answer within **21 days** after being served with the summons and complaint.
[13] On March 25, 2011 the court issued Summons and delivered to US. Marshals service. June 3, 2011 defendants answered to complaint (Exhibit D)
[14] Rule 12(a)(1)(A)(i)A defendant must serve an answer within **21 days** after being served with the summons and complaint.
[15] Allegedly false statement made by defendants. Thus, the connection between false statement and claim submitted to government[ Court]remains "too attenuated to establish liability." *See Allison Engine Co.*, 553 U.S. at 671-72

Bordley indicated that "Name of Marshals Service personal [U.S. Marshal Christine Elmy (b)(7)(C)]and third party [*Kim I* defendant Edward J. Bardelli ] have been deleted"[16]the Exhibit C and D. see. at Exhibit E. which is evidence of the "defendants is liable for the misconduct alleged *Id*".

Kim had been requests Freedom of information to U.S. Marshals "pertaining to 1:11-cv-00233[*Kim I*] and 1: 16-CV-00309-PLM-PJG[*Kim II*] that On December 18, 2017 FOIPA Office of General Counsel[17]that "Name of Marshals Service personal [U.S. Marshal Christine Elmy (b)(7)(C)]and third party [*Kim I* defendant Edward J. Bardelli**.** ] have been deleted" Exhibit C and D. see. at Exhibit E

However, Kim has this evidence(exhibit C, and D)that March 28, 2011, June 16, 201 the U.S. Marshal Christine Elmy (b)(7)(C) actually mailed the nine (9) Summons, nine (9)complaint, and the USM Form -299 *Notice and Acknowledge of Receipt of Summons and Complaint by Mail* and had NEVER been returned to the Court.

*Kim I* defendants' counsel- *Kim II* and *Kim III*- Defendant-Gregory M. Kilby(P68266) *"knowingly makes, statement material to a false or fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B)that On or about April 9, 2011, the Defendants filed "Defendants Opposition to Plaintiff's Application for Entry of Default that

---

[16] See. Exhibit B.
[17] The U.S. Department of justice United States Marshals Service Office of General Counsel William E. Bordley Associate General Counsel FOIPA Office of General Counsel

"[March 28, 2011[18]] Plaintiff [the U.S Marshals service] has not served any Defendant with copy of the Summons, his original Complaint" (*Kim I*, ECF No. 14 p.2) Exhibit F.

Defendants had NEVER been returned the USM Form-299 *Receipt of Summons* to the Court. Exhibit C p.1, 8, 11, 14, 17,20, 23, 26 and 6

*Kim I* defendants' counsel- *Kim II* and *Kim III*- Defendant-Edward J

Bardelli (P53849 *"knowingly makes, statement material to a false or fraudulent claim"* 31 U.S.C. §3729(a)(1)(B) On June 26, 2012 at Six circuit Court;

"[March 28, 2011[19]] Kim [the U.S Marshals service]did not serve the Summons or a copy of his Complaint on any Defendants" (Case :12-1401 filed 06/26/2012 p. 40). Exhibit G.

Defendants had NEVER been returned the USM Form-299 *Receipt of Summons* to the Court. See. Exhibit C p.1, 8, 11, 14, 17,20, 23, 26 and 6

Additionally the *solely* convincing evidence that

**Kim I Defendants' counsel Bardelli (*Kim II* defendants) "admit that Each defendants received Dkt # 1 Complaint [and *Receipt of Summons* the U.S. Marshals service on March 28, 2011]" Exhibit K**

On June 26, 2012 at Six circuit Court Appellee's Brief that Defendants

*"knowingly makes, statement material to a false or fraudulent claim"* 31 U.S.C.

§3729(a)(1)(B)

"[March 28, 2011] Kim [the U.S Marshals service] did not serve the Summons or a copy of his Complaint on any Defendants" (Case :12-1401 filed 06/26/2012 p. 40).

---

[18] To See, defendants had NEVER been returned the USM Form -299 *Notice and Acknowledge of Receipt of Summons and Complaint* Exhibit C p 7,10, 13, 16, 19, 22, 25, and p 6 to the Court.
[19] To See, defendants had NEVER been returned the USM Form -299 *Notice and Acknowledge of Receipt of Summons and Complaint* Exhibit C p 7,10, 13, 16, 19, 22, 25, and p 6 to the Court.

Exhibit G.

Defendants had NEVER been returned the USM Form-299 *Receipt of*

*Summons* to the Court. Exhibit C p.1, 8, 11, 14, 17,20, 23, 26 and 6

*Kim II* defendants' counsel, Kristina M.Araya (P74507) *"knowingly makes,*

*statement material to a false or fraudulent claim"* 31 U.S.C. §3729(a)(1)(B)that at

district Court on April 27, 2016 Brief in Support of Motion to Dismiss that

**Indifference " "**they had never been served. (*KimI* Dkt. 14, PageID.107-110.)"
*Kim II* Dkt. 21, PageID.72. (Exhibit H)

**,as to its truth**, defendants had NEVER been returned the USM Form -299 *Notice*
*and Acknowledge of Receipt of Summons and Complaint* Exhibit C p 7,10, 13, 16,
19, 22, 25, and p 6 to the Court..

*Kim II* Appellees' counsel, Conor B. Dugan *"knowingly statement material*

*to a false* 31 U.S.C. § 3729(a)(1)(B) that **Indifference** "there "is no evidence that

[Marsh 28, 2011]defendants were served prior to filing of [the] additional

application" and there was no basis for the Clerk's Office to enter either a default

or a default judgment against any defendants" (id. at 2, Pg.ID 35.)" Appellees'

Brief Case :16-2321 filed 08/25/2017 p.19 Exhibit I.

,as to its truth there is evidence that defendants had NEVER been
[defendants had NEVER been returned the USM Form -299 *Notice and*
*Acknowledge of Receipt of Summons and Complaint* Exhibit C p 7,10, 13, 16, 19,
22, 25, and p 6 to the Court.

Kim has "establish liability. [20]" *See Allison Engine Co.*, 553 U.S. at 671-72.

There was basis for the Clerk's Office to enter either a default or a default

judgment against defendants.

The reason, *Kim II* defendants *"knowingly statement material to a false"* 31

U.S.C. § 3729(a)(1)(B)because the *Kim I,* nine (9) defendants had been failed

answerer to complaint within seventy- one (71) days[21]on June 3, 2011. The (9)

defendants must answer *within 21days* Rule 12(a)(1)(A)(i).

*Kim II* Judge Maloney Kim II had been contrary finds that

"only to adverse rulings [*"the thirteenth [fourteenth] times*]*"….,*this case be
reassigned to Chief Judge Jonker in order to promote judicial economy….,it must
arise from some extra Judicial source" (*Kim II,*ECF No. 32 p.2).

The *Kim I, Kim II* judge jonker belied by defendants

that "*Kim I,* defendants had not been served" (Order, *Kim II.* P.2, ECF No 34)

Exhibit B. The Judge Jonker believes that

the Clerk's office issued Summons to all defendants on Marsh 25, 2011.
Fifty eight (58) days later[22], on May 18. 2011, and eighty four (84days) later June
16, 2011, the U.S. Marshals mailed the Summons, complaint and the USM Form-
299 *Receipt of Summons* to Defendants and returned the USM Form-299 *Receipt of
Summons* to the Court. To *See*, Exhibit C p.1, 8,11,14, 17,20,23, 26 or Exhibit D
and See. Exhibit C.p.4 or Exhibit D.

---

[20] Allegedly false statement made by defendants. Thus, the connection between false statement and claim submitted to
government[ Court]remains "too attenuated to establish liability." *See Allison Engine Co.*, 553 U.S. at 671-72

[21] On March 25, 2011 the court issued Summons and delivered to the US. Marshals service.   *Kim I*, Nine(9)defendants Answered to complaint
on June 3, 2011
[22] The Clerk's office issued Summons to all defendants on Marsh 25, 2011
58days later the on May 18. 2011 the U.S. Marshal Christine Elmy (b)(7)(C) mailed the USM Form-299 *Receipt of Summons* again because
Defendants had never been returned USM Form-299 *Receipt of Summons* on March 28,2011

This evidence that Kim *I, II, III* "defendants is liable for the misconduct alleged *Id*" that Kim established the claim under *"the thirteenth [fourteenth] times defendants' fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B).

It is important to note that

On October 6, 2011, Defendants' counsel Bardelli [*Kim II* defendant]"admit that Each defendants received Dkt # 1 Complaint [from the U.S. Marshals service on March 28, 2011] Exhibit K.

The U.S. Sixth Court of appeal finds that "we VACATE the district court's judgment and REMAND to the district Court[23]. There was no justice in the Court room over seven (7) years *"the thirteenth [fourteenth] times defendants' fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B). Kim has "establish liability. [24]" See *Allison Engine Co.*, 553 U.S. at 671-72.Kim requests demand 3729 (b)(2).

## COUNT II.

**Defendants *"knowingly makes, fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B) that "nothing in the record indicated that Kim actually served the defendants with the amended complaint" ( *Kim II*, Order, P.2, ECF No 34, Exhibit B)**

4.      Kim alleges that Kim "pleads with particularity"[25]" that "claim was submitted"[26]that Indifference *Kim I* and *Kim II* Judge Jonker "*the thirteenth*

---

[23] Order of the United States Court of Appeals No. 16-2321
[24] Allegedly false statement made by defendants. Thus, the connection between false statement and claim submitted to government[ Court]remains "too attenuated to establish liability." See *Allison Engine Co.*, 553 U.S. at 671-72

[25] *See. United States v. Cline*, 362 F.3d 343,348 (6th Cir. 2004)
[26] "has pled facts which support a strong inference that a claim was submitted." *Prather*, 838 F.3d at 769 (quoting *chesbrough v. VPA, P.C.*, 655 F.3d 461, 471 (6th Cir. 2011)

*[fourteenth] times"* finds that

" Six Circuit Court 12-1401[, 12-02407, 13-02354. (*Kim I*)]affirmed the Court's decision and noted explicitly that "nothing in the record indicated that Kim actually served the defendants with the amended complaint" ( *Kim II,* Order, P.2, ECF No 34, Exhibit B). This is 100% a fraud.

,as to its truth the Court record appears that *Kim I,* docket 7 pageID 77

Proof of Service, docket 52-3 Page ID279 appears, and the U.S post office receipt

appears ( *Kim I,* docket , 52-3 Page ID 281) that *Kim I* actually served the

defendants with the amended complaint. See. Exhibit J

Furthermore, evidence Defendants admitted that "Defendants admit only

that their counsel received Docket no 6[Amended complaint] and "Defendants

received Dkt # order[ granting Amended complaint](*Kim I* docket no. 108-1,

PageID 740.). *See.* Exhibit K.

***Kim I,*** ECF docket no. 7 Proof of Service ( *Kim I,* docket 7 pageID 77 and docket 52-3 Page ID279) appears. Kim actually served the Amended complaint to the defendants and future represent defendant's attorney. Exhibit J

<u>**Dated: March 25, 2011**</u>

PROOF OF SERVICE

Motion for leave to file first Amended Complaint and Application for Declaratory and Injunctive Relief and Proof of Service to

Grand Valley State University, Thomas J. Haas, GVSU College of Education, Elaine C. Collins, Paula Lancaster, Olivia A. Williams, GVSU College of Community and Public Service, George Grant, and Lois smith Owens
1 Campus Drive Allendale, MI 49401-9403

Interesting party (future represent defendant's attorney:

14

Mr. Edward J. Bardelli Warner Norcross & Judd LLP
900 Fifth Third Center 111 Lyon Street NW Grand Rapids, MI 49503-2487

Dated: March 25, 2011        *GwanJun Kim*

                              And

The U.S post office receipt appears (***Kim I,*** ECF docket no. 7 Proof of Service
( *Kim I,* docket 7 pageID 77 and docket 52-3 Page ID279)

   Kim actually served the Amended complaint to the defendants and future
represent defendant's attorney.

   See **Dated:**   <u>3/25/11 07:54:03 AM.</u>

1st Large Env 1        $ 2.24 (Grand Rapids MI 49503) for the Interesting party
(future represent defendant's attorney)

1st Large Env 1        $ 1.56 (Grand Rapids MI 49503) for the Court

1st Large Env 1        $ 2.24 ( Allendale MI 49402) for the Defendant- Grand
                            Valley State University.

                              And
Defendants' counsel Bardelli "admit that Defendants received Dkt # 6 Amended
Complaint. Answer: "Defendants admit only that their counsel received Docket no
6[Amended complaint] See. Paragraph 23 Defendants' answers to Plaintiff's First
Request for Admissions.( *Kim I,* ECF docket no.108 Attachment 1,    ) See. Exhibit
K.

         That evidence that Kim actually served the Amended complaint to

defendants and future represent defendant's attorney and "defendants is liable for

the misconduct alleged *Id*"

Defendants had been *the thirteenth [fourteenth] times "*[27]

"intentionally false, willfully blind to the truth"[28] *thirteenth [fourteenth] times "*[29] and more than seven (7)years.

*Kim II*, and *Kim III* Defendant-Gregory M. Kilby(P68266) *solely*[30]

*"knowingly makes, statement material to a false or fraudulent claim."* 31 U.S.C. §

3729(a)(1)(B)that On or about April 21, 2011, the *Kim I,* Defendants filed

"Defendants Opposition to Plaintiff's Application for Entry of Default" that

"Plaintiff has not mailed a copy of the First Amended Complaint to Defendants' counsel" (*Kim I,* ECF No. 14 p.2) Exhibit F.

*Kim II*, and *Kim III* Defendant- Edward J Bardelli (P53849) *"knowingly*

*makes, fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B)that On or about June 26,

2012, the Defendants filed Defendants' Brief that

"Kim [the U.S. Marshals] did not serve a copy of the Summons or his [Kim] Amended Complaint on any defendants" (Case :12-1401 filed 06/26/2012 p. 20) Exhibit G

Defendants had been "intentionally false, willfully blind to the truth"[31] *thirteenth [fourteenth] times "* and order seven(7)years.

*Kim I,* docket 7 pageID 77 Proof of Service, docket 52-3 Page ID279

---

[27] *Kim II*, Defendants argued defendants' motion to dismiss that "This is the thirteenth times this that Kim has brought before the Court the issue (*Kim II,* ECF No. 32 p.2).

[28] See. The elements of fraud on the court include conduct: 1) on the part of an officer of the court; 2) that is directed at the judicial machinery itself; 3) that is **intentionally false,wilfully blind to the truth**, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; and 5) that **deceives the court**. See *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993).

[29] Defendants argued that "This is the thirteenth times this that Kim has brought before the Court the issue of whether the defendants in *Kim v. Grand Valley State University et at,*. NO 1:11-cv-233(*KimI*)". See. Defendants' Motion to dismiss (*Kim II*) p.1.

[30] DR 7-105(a) of the ABA Model Code of Professional Responsibility prohibited threats of criminal prosecution in order to gain an advantage in a civil matter, stating:(A) A lawyer shall not present, participate in presenting, or threaten to present **criminal charges solely** to obtain an advantage in a civil matter

[31] See. The elements of fraud on the court include conduct: 1) on the part of an officer of the court; 2) that is directed at the judicial machinery itself; 3) that is **intentionally false,wilfully blind to the truth**, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; and 5) that **deceives the court**. See *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993).

appears, and the U.S post office receipt appears ( *Kim I,* docket , 52-3 Page ID 281)

that *Kim I* actually served the defendants with the amended complaint. See. Exhibit

J

Kim II defendants' counsels, Kristina M. Araya(P74507) *"knowingly makes,*

*statement material to a false"* 31 U.S.C. § 3729(a)(1)(B)that on April 27, 2016,

Defendants Brief that

"Plaintiff [the U.S. Marshals service] has not yet defendants with a copy of the
summons his original complaint or First Amended complaint ( Exhibit F p4)

*Kim I,* docket 7 pageID 77 Proof of Service, docket 52-3 Page ID279 appears, and
the U.S post office receipt appears ( *Kim I,* docket , 52-3 Page ID 281) that *Kim I*
actually served the defendants with the amended complaint. See Exhibit J

Additionally, It is important to note that

On October 6, 2011, *Kim I* Defendants' counsel Bardelli [*Kim II* defendant]"admit
paragraph 22and 23that defendants received the Amended Complaint (*Kim I*
docket no. 108-1, PageID 740.) *See.* Exhibit K.

The U.S. Sixth Court of appeal *"*VACATE[ed]the district court's judgment

and REMAND to the district Court[32].Because the Court record appears *Kim I,* ECF

docket no. 7 Proof of Service , the Court granted the motion to Amended docket no

8 and the U.S post office receipt appears ( *Kim I,* docket no. 46-2, 52-3, 60-2) and

"Defendants admit only that their counsel received Docket no 6[Amended

complaint] [33]  that Kim actually served the Amended complaint to defendants and

---

[32] Order of the United States Court of Appeals No. 16-2321
[33] See. Paragraph 23 Defendants' answers to Plaintiff's First Request for Admissions.( *Kim I,* ECF docket no.108 Attachment 1 Exhibit A. )

future represent defendant's attorney. This is a Chronic fraud. There is no justice in

the Court room *"the thirteenth [fourteenth] times* and over Seven(7) years, Kim

has "establish liability. [34]" *See Allison Engine Co.*, 553 U.S. at 671-72. Kim sets

forth request justifies relief Kim requests demand 3729 (b)(2).

## II. *Kim I* Defendants filed Motion to dismiss

## COUNT III.

*Kim I,II* and *Kim II* defendants *knowingly makes, fraudulent claim."* 31 U.S.C.
§ 3729(a)(1)(B) that *Kim I, Kim II* Chief Judge Jonker was not follows Fed. R.
Civ. P. 12(b)(7)

5.      Kim alleges that Kim "pleads with particularity"[35]" that Defendants
*"knowingly makes, fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B) that "claim was
submitted"[36] **Indifference** on August 19, 2016 the Judge Jonker order that

   "Ultimately the Court granted the Kim I defendants' Motion to dismiss and
entered judgment in favor of those defendants and granted Mr. Kim (Kim I, ECF
No. 193, 194.) The Six circuit court affirmed the Court's decision and noted
explicitly that"nothing in the record indicated that Kim actuary served the
defendants the defendants with the amended complaint (Exhibit B p.2).

,as to its truth

(1)     *Kim I,* docket 7 pageID 77 Proof of Service, docket 52-3 Page ID279
appears, and the U.S post office receipt appears ( *Kim I,* docket , 52-3 Page ID 281)
that *Kim I* actually served the defendants with the amended complaint. Exhibit J.

---

[34] Allegedly false statement made by defendants. Thus, the connection between false statement and claim submitted to
government[ Court]remains "too attenuated to establish liability." *See Allison Engine Co.*, 553 U.S. at 671-72

[35] *See. United States v. Cline,* 362 F.3d 343,348 (6th Cir. 2004)
[36] "has pled facts which support a strong inference that a claim was submitted." *Prather,* 838 F.3d at 769 (quoting *chesbrough v. VPA, P.C.,* 655
F.3d 461, 471 (6th Cir. 2011)

"Defendants admit only that their counsel received Docket no 6[Amended complaint] [37] that Kim actually served the Amended complaint to defendants and future represent defendant's attorney.(Exhibit K    *Kim I* ECF No. 108-1 PageID. 740 )

## (2). *Kim I* and *Kim II* Chief Judge Jonker was not follows Fed. R. Civ. P. 12(b)(7)

Judge Jonker had been adversely rulings granted *Kim I* defendants' Motion to dismiss. The Fed. R. Civ. P. 12(b)(7) requires that judge jonker must denied the *Kim I* defendants because *A motion*[August 10, 2011( docket no 62)]*asserting any of these defenses must be __made before__ pleading*[June 3, 2011(docket no 38)] *if a responsive pleading is allowed.* Fed. R. Civ. P. 12(b)(7).In this case the judge Jonker had been maliciously granted *Kim I*, and *Kim II* Defendants' Motion to dismiss.

Kim sets forth Judge Jonker and defendants had been "conspires to commit a violation" 31 U.S. Code § 3729 (a)(1)(C) that intentionally failure to NEVER make *thirteenth [fourteenth] times*   any mention of the facts in its Opinion and Order; a right or wrong Kim's argument; defendants do not have a requirement to file Motion for dismiss. Fed. R. Civ. P. 12(b)(7)**.** The judge Jonker had been maliciously granted *Kim I*, and *Kim II* Defendants' Motion to dismiss. There is no justice in the Court room *"the thirteenth [fourteenth] times* and over Seven(7) years *the thirteenth [fourteenth] times.*

---

[37] See. Paragraph 23 Defendants' answers to Plaintiff's First Request for Admissions ( *Kim I,* ECF docket no.108 Attachment 1 Exhibit A. )

Kim has "establish liability. [38]" *See Allison Engine Co.*, 553 U.S. at 671-72.Kim

requests demand 3729 (b)(2)

## COUNT IV.

***Kim I,II*** and ***Kim II*** defendants ***knowingly makes, fraudulent claim."*** **31 U.S.C.**
**§ 3729(a)(1)(B)that Chief Judge Jonker dishonestly erred in adversely rulings**
**that intentionally failure to make any mention of facts factual allegation, *Kim***
***I,*** **Cause of Action I, II, III in its Opinion an Order. This is NOT "amply**
**satisfied" (*Kim II,* ECF No. 220 p.3).**

6.      Kim alleges that Kim "pleads with particularity"[39]" that

Defendants *"knowingly makes, fraudulent claim."* 31 U.S.C. §

3729(a)(1)(B)that "claim was submitted"[40] Indifference *the thirteenth [fourteenth]*

*times "*[41] *Kim I* plaintiff has "a full and fair opportunity to litigate the issue in the

prior proceeding" Id. All for factors are amply satisfied here."(Order *Kim II,* ECF

No. 34 p.3) , as to its truth the *Kim I* Judge Jonker was erred in adversely rulings

that finds that intentionally failure to make any mention of facts factual allegation ,

*Kim I* Cause of Action I, II, III [42] in its Opinion an Order

Kim sets forth the judge Jonker had been maliciously granted *Kim I*, and *Kim II*

---

[38] Allegedly false statement made by defendants. Thus, the connection between false statement and claim submitted to
government[ Court]remains "too attenuated to establish liability." *See Allison Engine Co.*, 553 U.S. at 671-72

[39] *See. United States v. Cline*, 362 F.3d 343,348 (6th Cir. 2004)
[40] "has pled facts which support a strong inference that a claim was submitted." *Prather,* 838 F.3d at 769 (quoting *chesbrough v. VPA, P.C.,* 655
F.3d 461, 471 (6th Cir. 2011)
[41] *Kim II,* Defendants argued defendants' motion to dismiss that "This is the thirteenth times this that Kim has brought before the Court the issue
(*Kim II,* ECF No. 32 p.2).
[42] **Count I.** The homosexual Defendant "refused to correct the miscalculation" the complaint indicates that The College of Education Grand
Valley State University had independently calculated 700+304=600 points and granted grade of "D" and The Grand Valley State University
independently calculated 700+304=700points grade of "C". **Count II** GVSU refused complies with the GVSU Rule readmission application.
**Count III.** GVSU refused the lesbian- Black -Owens-defendant's corruption hearing.

Defendants' Motion to dismiss. The U.S. Sixth Court of appeal "VACATE the district court's judgment and REMAND to the district Court[43].Tues, Judge Jonker was not act like a chief judge. There is no justice in the Court room *"the thirteenth [fourteenth] times* and over Seven(7) years. Kim has "establish liability. [44]" *See Allison Engine Co.*, 553 U.S. at 671-72.Kim requests relief on demand 3729 (b)(2)

## COUNT V.

***Kim I,II*and *Kim II* defendants *knowingly makes, fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B)that Chief Judge Jonker dishonestly biases orders that Defendants received grant *Kim I* defendants' Motion for Taxation of Costs (docket no 197) amount of the 1,006.46.**

7.       Kim alleges that Kim "pleads with particularity"[45]" that Defendants *knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B) "claim was submitted"[46]that the judge Jonker had been biases finds that Defendants received grant defendants' Motion for Taxation of Costs (docket no 197) amount of the 1,006.46. This evidence that "defendants are liable for the misconduct alleged *Id*".

Kim sets forth the U.S. Sixth Court of appeal "VACATE the district court's

---

[43] Order of the United States Court of Appeals No. 16-2321
[44] Allegedly false statement made by defendants. Thus, the connection between false statement and claim submitted to government[ Court]remains "too attenuated to establish liability." *See Allison Engine Co.*, 553 U.S. at 671-72

[45] *See. United States v. Cline*, 362 F.3d 343,348 (6th Cir. 2004)
[46] "has pled facts which support a strong inference that a claim was submitted." *Prather*, 838 F.3d at 769 (quoting *chesbrough v. VPA, P.C.*, 655 F.3d 461, 471 (6th Ctr. 2011)

judgment and REMAND to the district Court[47]. There was no justice in the Court

room *"the thirteenth [fourteenth] times* and over Seven(7) years.

**III. *Kim II.* Defendants filed Motion to dismiss**

## COUNT VI.

***Kim I,II*and *Kim II* defendants *knowingly makes, fraudulent claim."* 31 U.S.C.
§ 3729(a)(1)(B)thatAll the factors [ COUNT I to V] are amply satisfied" (*Kim
II,* ECF No. 220 p.3) Exhibit B**

8.      Kim alleges that Kim "pleads with particularity"[48]" that Defendants

*"knowingly makes, uses, or causes to be made or used, a false record or statement*

*material to a false or fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B)that "claim was

submitted"[49]  Indifference All the factors [ Cause of Action paragraph 1-8] are" a

full and fair opportunity to litigate the issue in the prior proceeding" *Id.* All for

factors are amply satisfied here."(Order *Kim II,* ECF No. 34 p.3), as to its truth All

the factors actually are NOT full and fair opportunity to litigate the issue in the

prior proceeding" Id. All for factors are NOT amply satisfied here. The U.S. Sixth

Court of appeal *"VACATE the district court's judgment and REMAND to the

district Court.[50]*

9.      The defendants *"knowingly makes, uses, or causes to be made or

used, a false record or statement material to a false or fraudulent claim."* 31

---

[47] Order of the United States Court of Appeals No. 16-2321
[48] *See. United States v. Cline,* 362 F.3d 343,348 (6th Cir. 2004)
[49] "has pled facts which support a strong inference that a claim was submitted." *Prather,* 838 F.3d at 769 (quoting *chesbrough v. VPA, P.C.,* 655 F.3d 461, 471 (6th Cir. 2011)
[50] Order of the United States Court of Appeals No. 16-2321

U.S.C. § 3729(a)(1)(B) was made reckless

**COUNT I.**    Indifference ["*Kim I* defendants had not been serve"(Order

*Kim II,* ECF No. 34 p.2)] as to its truth" *Kim I* defendants had been serve, which is

the U.S. Marshal ***mailed***"the complaint and summons and to Grand Valley State

University on March 28 , 2011 *See.* Exhibit A Exhibit A p 7, 10,13,16,19,22,25,28.

but Defendants had NEVER been returned the USM Form-299 *Receipt of*

*Summons* to the Court. To *See,* Exhibit C p.1, 8, 11,14, 17,20, 23, 26 and 6

**COUNT II.**    Indifference [The *Kim II* Judge Jonker *"the thirteenth*

*[fourteenth] times* concludes that

" Six Circuit Court affirmed the Court's decision and noted explicitly that "nothing
in the record indicated that Kim actually served the defendants with the amended
complaint" ( *Kim II,* Order, P.2, ECF No 34). This is 100% a fraud.

,as to its truth that the Jonker knows *the thirteenth [fourteenth] times*

the Court record appears *Kim I,* ECF docket no. 7 Proof of Service , and the U.S

post office receipt appears

Exhibit J.    *Kim I,* docket 7 pageID 77 Proof of Service, docket 52-3 Page ID279
appears, and the U.S post office receipt appears ( *Kim I,* docket , 52-3 Page ID 281)
that *Kim I* actually served the defendants with the amended complaint.

and "Defendants admit only that their counsel received Docket no 6[Amended

complaint] [51] that Kim actually served the Amended complaint to defendants and

future represent defendant's attorney.

---

[51] See. Paragraph 23 Defendants' answers to Plaintiff's First Request for Admissions ( *Kim I,* ECF docket no.108 Attachment 1 Exhibit A. )

**COUNT III.** Indifference defendants had been so silent of the The judge Jonker was not follows the Rule Fed. R. Civ. P. 12(b)(7).

as to its truth" as that the judge Jonker was not follows the Fed. R. Civ. P. 12(b)(7) the Rule requires that judge jonker must denied the *Kim I* defendants because *A motion asserting any of these defenses must be* judge jonker must denied because The Fed. R. Civ. P. 12(b)(7) requires that *A motion*[August 10, 2011( docket no 62]*asserting any of these defenses must be **made before** pleading*[June 3, 2011(docket no 38)] *if a responsive pleading is allowed"*. Fed. R. Civ. P. 12(b)(7). The judge Jonker was not follows the Rule Fed. R. Civ. P. 12(b)(7).

**COUNT IV.** Indifference Judge Jonker intentionally failure to make any mention of facts factual allegation, *Kim I,* Cause of Action I, II, III [52] in its Opinion an Order is, "fair opportunity to litigate the issue in the prior proceeding *id* All the factors are amply satisfied" (*Kim II,* ECF No. 220 p.3)

as to its truth, Chief Judge Jonker dishonestly erred in adversely rulings that intentionally failure to make any mention of facts factual allegation, *Kim I,* Cause of Action I, II, III [53] in its Opinion an Order.

**COUNT V.** Indifference "fair opportunity to litigate the issue in the prior

---

[52] **Count I.** The homosexual Defendants "refused to correct the miscalculation" the complaint indicates that The College of Education Grand Valley State University had independently calculated 700+304=600 points and granted grade of "D" and The Grand Valley State University independently calculated 700+304=700points grade of "C". **Count II** GVSU refused complies with the GVSU Rule readmission application. **Count III.** GVSU refused the lesbian- Black -Owens-defendant's corruption hearing.

[53] **Count I.** The homosexual Defendants "refused to correct the miscalculation" the complaint indicates that The College of Education Grand Valley State University had independently calculated 700+304=600 points and granted grade of "D" and The Grand Valley State University independently calculated 700+304=700points grade of "C". **Count II** GVSU refused complies with the GVSU Rule readmission application. **Count III.** GVSU refused the lesbian- Black -Owens-defendant's corruption hearing.

proceeding *id* All the factors are amply satisfied" (*Kim II,* ECF No. 220 p.3), as to

its truth Chief Judge Jonker dishonestly biases orders that Defendants received

grant defendants' Motion for Taxation of Costs (docket no 197) amount of the

1,006.46.

      **COUNT VI.** Indifference "fair opportunity to litigate the issue in the prior

proceeding *id* All the factors are amply satisfied" (*Kim II,* ECF No. 220 p.3),as to

its truth, Chief Judge Jonker dishonestly and All the factors [ COUNT I to V] are

NOT amply satisfied" (*Kim II,* ECF No. 220 p.3) This evidence that this is *Kim I*

and *Kim II* and *Kim III* Defendants *"knowingly makes, uses, or causes to be made*

*or used, a false record or statement material to a false or fraudulent claim."* 31

U.S.C. § 3729(a)(1)(B)

      10.    The *Kim I, II* and, *III,* plaintiff was relied on the

      The defendants *"knowingly makes, fraudulent claim."* 31 U.S.C. §

3729(a)(1)(B) paragraph 9 cause of action COUNT I to VI.

      11.    The *Kim I, II* and, *III,* Plaintiff has suffered compensable injury

resulting from the defendants *"knowingly makes, fraudulent claim."* 31 U.S.C. §

3729(a)(1)(B)paragraph 9 cause of action COUNT I to VI.

      12.    The plaintiff was relied on the defendants *"knowingly makes,*

*fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B)that    suffered compensable injury

result from the COUNT I to VI.

13.    In August 2012 Defendants, four homosexual women[54], obtained

defendants a grant Motion to dismiss in this case based on the 62[55], as *made before*

*[56]* 38[57], which is defendants' motion to dismiss (docket no 62) was not "*must made*

*before pleading*" Fed. R. Civ. P. 12(b)(7) , [docket no. 38 defendants answered the

complaint] which is Defendants do not have a requirement to file motion to dismiss.

But the subjects ten (10) judges were *solely*[58] *granted* Defendants' Motion to

dismiss. The subjects judges were not follow the Rule Fed. R. Civ. P. 12(b)(7)

*"must made before pleading"*

14.    Furthermore, Magistrate Hugh W. Brenneman Jr, was remedy

defects of justice or he has engaged in misconduct that Defendants' Motion to

dismiss, when the Nine(9) defendants[59] "refused to correct the miscalculation[60]

"and "refused to follow the Grand Valley University (their)Rules[61]" are not enough

factual basis for plaintiff's claim as a matter of law United States. Also, the subject

---

[54] Elaine C. Collins; Paula Lancaster; Olivia A Williams; and Lois Smith Owens
[55] Defendants' Motion to dismiss
[56] "A motion asserting any of these **defenses must be made before pleading** if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Fed. R. Civ. P. 12(b)(7)
[57] Answer to Complaint
[58] DR 7-105(a) of the ABA Model Code of Professional Responsibility prohibited threats of criminal prosecution in order to gain an advantage in a civil matter, stating:(A) A lawyer shall not present, participate in presenting, or threaten to present **criminal charges solely** to obtain an advantage in a civil matter.
[59] Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University , College of Community and Public Service; Tomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A Williams; and Lois Smith Owens.
[60] **Count I** Three lesbian and a gay Defendants were refused, the school record suggests that correctly calculation his Ed 635grades, 700 point pulse 304point is 1004 points (700+304=1004) The defendants ; the College of Education Grand Valley State University had independently calculated 700+304=600 points and granted grade of "D" and The Grand Valley State University independently calculated 700+304=700points grade of "C", because his is not lesbians, or gay Muslim, black, white, or he is an Korean-American. Amended Compl. at ¶¶ ¶5abc, 6abcdd,7.
[61] **Count II.** ; Defendants Collins, Haas refused complies with the GVSU Rule readmission application. The GVSU Rule that the defendants must accept readmission application from one year academic probation. The defendants were not comply the Rule because his is not lesbians, Muslim, black, white, or Muslim. or Korean-American. Amended Compl.at ¶¶ 8,8abc,10.
**Count III** Defendants was refused the Defendant Owens-black lesbian Corruption Hearing Amended Compl.at ¶¶6, 7,8,12
Thomas J. Haas, Elaine C. Collins, Paula Lancaster, Olivia A. Williams, George Grant, and Lois smith Owens
Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University, College of community and Public Service

Nine Judges agree to Magistrate Hugh W. Brenneman Jr's   remedy defects of justice.

15.      Upon information and belief, plaintiff had specifically injured denied Application for entry default and granted Defendants' Motion to dismiss.

16.      The Cause of alleges paragraph 3 to 15 that Defendants[62] made tort and made several defendants *"knowingly makes, fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B)paragraph 9 cause of action COUNT I to VI about its ability to complete the duty that it had made

**Count I** Three lesbian and a gay Defendants were refused, the school record suggests that correctly calculation his Ed 635grades, 700 point pulse 304point is 1004 points (700+304=1004) The defendants ; the College of Education Grand Valley State University had independently calculated 700+304=600 points and granted grade of "D" and The Grand Valley State University independently calculated 700+304=700points grade of "C", because his is not lesbians, or gay Muslim, black, white, or he is an Korean-American. Amended Compl. at ¶¶ ¶5abc, 6abcdd,7.

**Count II**. ; Defendants Collins, Haas refused complies with the GVSU Rule readmission application. The GVSU Rule that the defendants must accept readmission application from one year academic probation. The defendants were not comply the Rule because his is not lesbians, Muslim, black, white, or Muslim. or Korean-American. Amended Compl.at ¶¶ 8,8abc,10.

**Count III** Defendants was refused the Defendant Owens-black lesbian Corruption Hearing Amended Compl.at ¶¶6, 7,8,12

Thomas J. Haas, Elaine C. Collins, Paula Lancaster, Olivia A. Williams, George Grant, and Lois smith Owens Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University, College of community and Public Service.

17. Plaintiff seeking to recover for economic loss due to defendants' alleged

---

[62] Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University , College of Community and Public Service; Tomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A Williams; and Lois Smith Owens.

negligent misrepresentations "must prove that duty of care by demonstrating an intimate nexus between them." *Griesi v. Atl, Gen. Hop. Corp. 360 Md. 1, 12-13 (2000).* See. *also Baltimore County v. Cigna Healthcare*, 238 F. App'x914, 922 (4th Cir. 2007) (citing Griesi, 756 A.2d 548, 553)

18.     Plaintiff alleges herein by this reference as though more fully set forth in the allegation contained in paragraphs 3 through 17 herein.

19.     The complaint alleges that plaintiff has established allege each of the elements of intentional misrepresentation with the level of specificity required by Fed. R. Civ. P. 9(b).

> (1) the defendant made a false representation to the Plaintiff; (2)the falsity was either known to defendant or the representation was made with reckless indifference as to its truth; (3) the misrepresentation was made for the purpose of defrauding plaintiff; (4) the plaintiff relied on the misrepresentation and [had] the right to rely on it; and (5) the plaintiff suffered compensable injury resulting from the misrepresentation.

*Jenkins v. PBG, Inc.,* F. Supp.2d 593, 597 (D. Md. 2003). Also, because intentional misrepresentation is a form of fraud, the plaintiff must plead the circumstances of alleged misrepresentation with the specificity required by Fed. R. Civ. P. 9(b) This includes "the time, place , and contents of the false representation, as well as the identity of the person making the misrepresentation and what he obtained thereby" Harrison v. Westinghouse Savannah River Co., 176 F. 3d 776, 784 (4th Cir. 1999) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 5FED. PRAC. &

PROC. CIV. § 1297, at 590 (2d ed. 1990). Rule 9(b) allows a plaintiff to plead

elements of knowledge and intent "generally" though the allegations must still

meet the ordinary plausibility standard required of all pleadings. *See. Mayfield v.*

*National Ass'n for Stock Car Auto Racing, Inc.,* 674 F. 3d 369, 377 (4th Cir. 2012).

Prac. & Proc. C

20.     First, plaintiff alleges that On or about May 18, 2011

defendant[63] made a false representation as paragraph 9 Count I to VI

Next Second, and third elements of an intentional misrepresentation claim,

i.e. that Defendants know that statement was false and that it made the statement

with the intent to defraud.

Finally, Plaintiff clearly alleges that it relied on the alleged

misrepresentation, This establishes the fourth and fifth elements of an intentional

misrepresentation claim.

21.     When defendants[64] through their respective fraud made

representation to Plaintiff that Defendants[65]  have know them to be false, and

representation were made with the intent to defraud and deceive Plaintiff, and with

---

[63] Defendant Edward J Bardelli (P53849) Thomas J. Haas, Elaine C. Collins, Paula Lancaster, Olivia A. Williams, George Grant, and Lois smith Owens Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University , College of Community and Public Service; Tomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A Williams; and Lois Smith Owens.

[64] Defendant Gregory M. Kilby(P68266) Edward J Bardelli (P53849)Thomas J. Haas, Elaine C. Collins, Paula Lancaster, Olivia A. Williams, George Grant, and Lois smith Owens Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University , College of Community and Public Service; Tomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A Williams; and Lois Smith Owens.

[65] Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University , College of Community and Public Service; Tomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A Williams; and Lois Smith Owens.

the intent to induct

The *Kim I* and *Kim II* Judge Jonker

the United State District Court Western Michigan case # 1:11-cv-00233, # 1:16-cv-00309-PLM-PJG and United States Court of Appeal for the Six Circuit 12-01401, 12-02407, 13-02354.

to deny or affirm or So silent that denied of plaintiff's Application for entry of default and default Judgment. .

22    In reliance upon these fraud representations

23.    There was nothing that plaintiff to believe that Defendants were honestly in good faith. Plaintiff's reliance on the Defendants' fraud representations was justified

24.    As. a proximate result of Defendants' fraud and deceit, and the facts alleged herein, plaintiff has been damaged in an amount according to proof at trail and for punitive damages as allowed by law.

25.    In doing the acts herein alleged, Defendants acted fraudulently, willfully, maliciously, oppressively , *solely*[66]perjury[67], *"knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim."* 31 U.S.C. § 3729(a)(1)(B)Plaintiff to unjust hardship, knowing that Defendants' conduct was damage to plaintiff. As a result of Defendants'

---

[66] DR 7-105(a) of the ABA Model Code of Professional Responsibility prohibited threats of criminal prosecution in order to gain an advantage in a civil matter, stating:(A) A lawyer shall not present, participate in presenting, or threaten to present **criminal charges** solely to obtain an advantage in a civil matter.
[67] Perjury 18 U.S. Code §1621

conduct, Plaintiff is entitled to an "request or demand money" 31 U.S. Code §

3729 (b)(2)(A)

26.     Plaintiff alleges herein by this reference as though more fully set

forth the allegations contained in paragraph 1through 25 herein.

27.     When Defendants *"knowingly makes, uses, or causes to be made or*

*used, a false record or statement material to a false or fraudulent claim."* 31

U.S.C. § 3729(a)(1)(B), cause of action **COUNT I to VI** deceive Court and with

the intent to induce subject Judges to denied Plaintiff's Application for entry

default, default judgment.

28     Defendants[68] had a duty to disclose Cause of action,    "to correct

the miscalculation[69] "and "follow the Grand Valley University

(their)Rules[70]"Defendants have knows that Defendants[71]  had a duty to disclose

Cause of action,    "to correct the miscalculation[72] "and "follow the Grand Valley

University (their)Rules[73]" Plaintiff was not received the services, and the service

---

[68] Tomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A Williams; and Lois Smith Owens.
[69] **Count I** Three lesbian and a gay Defendants were refused, the school record suggests that correctly calculation his Ed 635grades, 700 point pulse 304point is 1004 points (700+304=1004) The defendants ; the College of Education Grand Valley State University had independently calculated 700+304=600 points and granted grade of "D" And The Grand Valley State University independently calculated 700+304=700points grade of "C", because his is not lesbians, or gay Muslim, black, white, or he is an Korean-American. Amended Compl. at ¶¶ ¶5abc, 6abcdd,7.
[70] **Count II.** ; Defendants Collins, Haas refused complies with the GVSU Rule readmission application. The GVSU Rule that the defendants must accept readmission application from one year academic probation. The defendants were not comply the Rule because his is not lesbians, Muslim, black, white, or Muslim. or Korean-American. Amended Compl. at ¶¶ 8,8abc,10.
**Count III** Defendants was refused the Defendant Owens-black lesbian Corruption Hearing Amended Compl. at ¶¶6, 7,8,12
Thomas J. Haas, Elaine C. Collins, Paula Lancaster, Olivia A. Williams, George Grant, and Lois smith Owens
Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University, College of community and Public Service
[71] Tomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A Williams; and Lois Smith Owens.
[72] **Count I** Three lesbian and a gay Defendants were refused, the school record suggests that correctly calculation his Ed 635grades, 700 point pulse 304point is 1004 points (700+304=1004) The defendants ; the College of Education Grand Valley State University had independently calculated 700+304=600 points and granted grade of "D" And The Grand Valley State University independently calculated 700+304=700points grade of "C", because his is not lesbians, or gay Muslim, black, white, or he is an Korean-American. Amended Compl. at ¶¶ ¶5abc, 6abcdd,7.
[73] **Count II.** ; Defendants Collins, Haas refused complies with the GVSU Rule readmission application. The GVSU Rule that the defendants

promised to him.

     29.    When Defendants entered into the "refused to correct the miscalculation[74] "and "refused to follow the Grand Valley University (their)Rules[75]" that they fact would damages $5,000,000 each defendant.

     30.    *Kim III*, Plaintiff requests that Section 3729(a)(1)(B) imposes liability on one who [ Defendants *Kim I* and *Kim II* ]"knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim."

     Kim alleges evident[76]defendants made false or fraudulent statements; Cause of action the paragraph 9 cause of action COUNT I to VI in order to denied plaintiff's Application for entry of default and default judgment, *Kim I* and *Kim II* granted defendants' Motion to dismiss, there are allegations connecting these evident[77]statements to claim made to *Kim I* and *Kim II* Court therefore Kim established liability. Kim plead a 31 U.S.C. § 3729(a)(1)(B) claim because they

---

must accept readmission application from one year academic probation. The defendants were not comply the Rule because his is not lesbians, Muslim, black, white, or Muslim. or Korean-American. Amended Compl.at ¶¶ 8,8abc,10.
**Count III** Defendants was refused the Defendant Owens-black lesbian Corruption Hearing Amended Compl.at ¶¶6, 7,8,12
Thomas J. Haas, Elaine C. Collins, Paula Lancaster, Olivia A. Williams, George Grant, and Lois smith Owens
Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University, College of community and Public Service
[74] **Count I** Three lesbian and a gay Defendants were refused, the school record suggests that correctly calculation his Ed 635grades, 700 point pulse 304point is 1004 points (700+304=1004) The defendants ; the College of Education Grand Valley State University had independently calculated 700+304=600 points and granted grade of "D" And The Grand Valley State University independently calculated 700+304=700points grade of "C", because his is not lesbians, or gay Muslim, black, white, or he is an Korean-American. Amended Compl. at ¶¶ ¶5abc, 6abcdd,7.
[75] **Count II.** ; Defendants Collins, Haas refused complies with the GVSU Rule readmission application. The GVSU Rule that the defendants must accept readmission application from one year academic probation. The defendants were not comply the Rule because his is not lesbians, Muslim, black, white, or Muslim. or Korean-American. Amended Compl.at ¶¶ 8,8abc,10.
**Count III** Defendants was refused the Defendant Owens-black lesbian Corruption Hearing Amended Compl.at ¶¶6, 7,8,12
Thomas J. Haas, Elaine C. Collins, Paula Lancaster, Olivia A. Williams, George Grant, and Lois smith Owens
Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University, College of community and Public Service
[76] The alleged connection must be evident. *See Allison Engine Co. v. U.S. ex rel. Sanders,*553 U.S. 662, 671–72 (2008)).
[77] The alleged connection must be evident. *See Allison Engine Co. v. U.S. ex rel. Sanders,*553 U.S. 662, 671–72 (2008)).

rely on a too-attenuated chain connecting alleged false statements to the

submission of claims. *See Chesbrough*, 655 F.3d at 473.

32.     Plaintiff is, therefore, entitled to relief under Title 28 App Federal

Title Rule 9. Kim has "establish liability. [78]" *See Allison Engine Co.*, 553 U.S. at

671-72. Cause of action paragraph 9- A, B, C, D, E, F.

33.     The United State District Court Western Michigan case # 1:11-cv-

00233,(*Kim I*), 1:16-cv-00309-PLM-PJG (*Kim II*) and United States Court of
Appeal for the Six Circuit 12-1401, 12-02407, and 13-02354(*Kim I*) The *Kim I* and
*Kim II*

Chief Judge Jonker belied by defendants seven (7) years *the thirteenth [fourteenth]*

*times* "[79]the defendants made him a sick.

34.     The Sixth Circuit Case no 16-2321 Ordered that on December 22,

2017"we VACATE the district court's judgment and REMAND to the district court

        WHEREFORE, Plaintiff prays for judgment against Defendants, and each

of them, as follows:

1.     Defendants [80]violated Title 28 App Federal Title Rule 9. Federal

Rules of Civil Procedure each defendant.

---

[78] Allegedly false statement made by defendants. Thus, the connection between false statement and claim submitted to
government[ Court]remains "too attenuated to establish liability." *See Allison Engine Co.*, 553 U.S. at 671-72

[79] *Kim II*, Defendants argued defendants' motion to dismiss that "This is the thirteenth times this that Kim has brought before the Court the issue
(*Kim II*, ECF No. 32 p.2   ).
[80].Defendant Gregory M. Kilby(P68266) Edward J Bardelli (P53849)Thomas J. Haas, Elaine C. Collins, Paula Lancaster, Olivia A. Williams,
George Grant, and Lois smith Owens Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State
University , College of Community and Public Service; Tomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A Williams; and Lois Smith
Owens.

**2.**   For "request or demand money" 31 U.S. Code § 3729 (b)(2)(A)that

in the amount of $5,000,000.00 plus interest at legal rate, each defendant or request

$55,000,000.00 total and "special damages sustained as a result of the

discrimination[ *Kim I*] , including litigation costs and reasonable attorneys'

fees".3730 (h)(2) of the

At the United States Court of Appeals for Sixth Circuit No 16-2321,13-2354, 12-
2407, 12-1401 and 16-2321.The United States Court of the District of Michigan at
Grand Rapids docket number 1:16-cv-00309( *Kim II*) and 1:11-CV-00233(*Kim I*).

justifies relief because of Chief Judge Jonker belied by defendants and

refusal to disqualify himself and the manifest Seven years(7) injustice in the

decision *thirteenth [fourteenth] times* "[81] and any other relief for the conspiracy and

Chronic fraud and For punitive damages as allowed by law.

3.   Plaintiff prays for *Kim I*, default judgment against nine defendants[82]

or judgment NOT "refused to correct the miscalculation[83]Master in education,

TESOL (Teaching English to Speakers of Other Languages) Program and NOT

"refused to follow the Grand Valley University (their)Rules[84]"

---

[81] *Kim II*, Defendants argued defendants' motion to dismiss that "This is the thirteenth times that Kim has brought before the Court the issue (*Kim II*, ECF No. 32 p.2).

[82] Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University , College of Community and Public Service; Tomas J. Haas; Elaine C. Collins; Paula Lancaster; Olivia A Williams; and Lois Smith Owens.

[83] **Count I** Three lesbian and a gay Defendants were refused, the school record suggests that correctly calculation his Ed 635grades, 700 point pulse 304point is 1004 points (700+304=1004) The defendants ; the College of Education Grand Valley State University had independently calculated 700+304=600 points and granted grade of "D" and The Grand Valley State University independently calculated 700+304=700points grade of "C", because his is not lesbians, or gay Muslim, black, white, or he is an Korean-American. Amended Compl. at ¶¶ ¶5abc, 6abcdd,7.

[84] **Count II.** ; Defendants Collins, Haas refused complies with the GVSU Rule readmission application. The GVSU Rule that the defendants must accept readmission application from one year academic probation. The defendants were not comply the Rule because his is not lesbians, Muslim, black, white, or Muslim. or Korean-American. Amended Compl. at ¶¶ 8,8abc,10.

**Count III** Defendants was refused the Defendant Owens-black lesbian Corruption Hearing Amended Compl.at ¶¶6, 7,8,12

Thomas J. Haas, Elaine C. Collins, Paula Lancaster, Olivia A. Williams, George Grant, and Lois smith Owens

Grand Valley State University; Grand Valley State University, College of Education; Grand Valley State University, College of community and

4.  For reasonable Pro Se' fees in amount to be determined at trial;

5.  For such other and further relief as the Court may deem proper.

Respectfully submitted,

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial.

Dated: January 11, 2018

GwanJun Kim
360 East Tuttle Rd Lot 54
Ionia, MI 48846
(616)902-4344

Public Service

# EXHIBITS

**Exhibit A**      On December 22, 2017 the Six Circuit Court Case No. 16-2321 that

"we VACATE the district court's judgment and REMAND to the district court [of Michigan] to dismiss this case for lack of subject-matter jurisdiction"

**Exhibit B**      The United States district Court Western District Court Western District of Michigan case no. 1:16-cv-309 Order.

**Exhibit C.**      The U.S. Marshals Record indicated that the U.S. Marshal Christine Elmy (b)(7)(C) actually mailed eighteenth(18)of the USM Form-299 *Receipt of Summons* to nine (9)Defendants.

**Exhibit D.**      The Court record appears that the Clerk's office issued Summons to all defendants on Marsh 25, 2011. Fifty eight (58) days later, on May 18, 2011, and eighty four (84days) later June 16, 2011, the U.S. Marshals mailed the *Receipt of Summons* to nine(9) defendants.

**Exhibit E.**      The U.S. Marshals indicated that "Name of Marshals Service personal [U.S. Marshal Christine Elmy (b)(7)(C)]and third party [*Kim II* defendant Edward J. Bardelli ] have been deleted" the Exhibit C /or and D

**Exhibit F**      Defendants Opposition to Plaintiff's Application for Entry of Default that "[March 28, 2011] Plaintiff [the U.S Marshals service] has not served any Defendant with copy of the Summons, his original Complaint" (*Kim I*, ECF No. 14 p.2)

**Exhibit G**      On June 26, 2012 Appellees' Brief that

"[March 28, 2011] Kim [the U.S Marshals service] did not serve the Summons or a copy of his Complaint on any Defendants" (Case :12-1401 filed 06/26/2012 p. 40).

**Exhibit H**      On April 27,2016 *Kim II* Brief in Support of Motion to dismiss that

"there "is no evidence that [Marsh 28, 2011] defendants were served prior to [the ]filing of [the] additional application" and there was no basis for the Clerk's Office to enter either a default or a default judgment against any defendants" (*Kim II* Dkt. 1-5, PageID. 34-35)" ( Case no 1:16-cv-00309-RJJ-PJG, ECF No 21

PageID 76-77).

Exhibit I    On August 25, 2017 *Kim II* Appellees' counsel, Conor B. Dugan *"knowingly statement material to a false* 31 U.S.C. § 3729(a)(1)(B) that **Indifference** "there "is no evidence that [Marsh 28, 2011]defendants were served prior to filing of [the] additional application" and there was no basis for the Clerk's Office to enter either a default or a default judgment against any defendants" (id. at 2, Pg.ID 35.)" Appellees' Brief Case :16-2321 filed 08/25/2017 p.19.

Exhibit J.    *Kim I,* docket 7 pageID 77 Proof of Service, docket 52-3 Page ID279 appears, and the U.S post office receipt appears ( *Kim I,* docket , 52-3 Page ID 281) that *Kim I* actually served the defendants with the amended complaint.

Exhibit K.    Defendants admitted that defendants received the Amended Complaint (*Kim I* docket no. 108-1, PageID 740.)

2

# Exhibit A

On December 22, 2017 The U.S. Six circuit Case no 16-2321 ordered that

"we VACATE the district court's judgment and REMAND to the district court to dismiss this case for lack of subject-matter jurisdiction"

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 16-2321

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

GWANJUN KIM,                                    )
                                                )
          Plaintiff-Appellant,                  )
                                                )
v.                                              )
                                                )    ON APPEAL FROM THE UNITED
                                                )    STATES DISTRICT COURT FOR
GRAND VALLEY STATE UNIVERSITY, et al.,          )    THE WESTERN DISTRICT OF
                                                )    MICHIGAN
          Defendants-Appellees.                 )
                                                )
                                                )
                                                )

**FILED**
Dec 22, 2017
DEBORAH S. HUNT, Clerk

O R D E R

Before: SILER, GRIFFIN, and STRANCH, Circuit Judges.

GwanJun Kim, a Michigan litigant proceeding pro se, appeals the district court's judgment dismissing his action for negligent and intentional misrepresentation. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2011, Kim filed an action pursuant to 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964 against Grand Valley State University (GVSU), the GVSU College of Education, the GVSU College of Community and Public Service, and several GVSU administrators and professors. *Kim v. Grand Valley State Univ.*, No. 1:11-cv-233 (W.D. Mich.) (*Kim I*). Kim filed numerous requests for entry of default and default judgment against the defendants. The district court denied Kim's requests on the basis that the defendants were never served with the amended complaint and filed a timely answer after receiving requests for waiver of service. The district court subsequently dismissed Kim's § 1983 and Title VI claims for

failure to state a claim upon which relief can be granted.  On appeal, this court affirmed the district court's judgment, including the denial of Kim's default motions.  *Kim v. Grand Valley State Univ.*, No. 12-1401 (6th Cir. Feb. 11, 2013).   Kim filed motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60, asserting in relevant part that the defendants acted fraudulently when they claimed to have filed a timely answer to his amended complaint.  The district court denied Kim's motions, and this court affirmed.  *Kim v. Grand Valley State Univ.*, No. 13-2354 (6th Cir. Apr. 29, 2014); *Kim v. Grand Valley State Univ.*, No. 12-2407 (6th Cir. Sept. 11, 2013).

In 2016, Kim filed the instant action against the same defendants named in *Kim I* as well as their attorneys Edward J. Bardelli and Gregory M. Kilby.  Claiming negligent and intentional misrepresentation, Kim alleged that the defendants made false representations regarding service in *Kim I*.  The defendants moved to dismiss Kim's complaint and to impose sanctions.  The district court granted the defendants' motion, concluding that collateral estoppel barred Kim's claims, and placed Kim on restricted filing status.  This timely appeal followed.

"[T]his Court has 'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'"  *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252 (6th Cir. 2011) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.").  "[I]f jurisdiction is lacking, dismissal is mandatory."  *Campanella*, 137 F.3d at 890 (citing Fed. R. Civ. P. 12(h)(3)).

In their brief, the defendants assert that the district court had subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which provides for federal-question jurisdiction when the plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of the United States."  *Arbaugh*, 546 U.S. at 513.  Kim asserted two causes of action in his complaint: negligent misrepresentation and intentional misrepresentation.  These are state common-law claims.  Kim alleged that the defendants violated Federal Rule of Civil Procedure 9(b), which

Case 1:18-cv-00107-RJJ-PJG   ECF No. 1-1 filed 01/11/18   PageID.44   Page 42 of 124
Case: 16-2321   Document: 19-2   Filed: 12/22/2017   Page: 3

No. 16-2321
- 3 -

provides that a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) is a pleading requirement; it does not create a federal cause of action for fraud. In footnotes, Kim cited the criminal statute for perjury, 18 U.S.C. § 1621, which does not create a private right of action. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone . . . ."). Kim also cited 28 U.S.C. § 351(a) in a footnote; that statute provides the procedure for filing a complaint of judicial misconduct. On appeal, Kim references the False Claims Act, 31 U.S.C. § 3729 et seq., but failed to mention that act in his complaint. *See United States v. Cline*, 362 F.3d 343, 348 (6th Cir. 2004) ("Generally, an appellant cannot raise a claim before the appellate court that was not raised below."). Because Kim failed to plead a claim arising under federal law in his complaint, the district court lacked federal-question jurisdiction.

Pursuant to 28 U.S.C. § 1332, the court has subject-matter jurisdiction when the plaintiff "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount." *Arbaugh*, 546 U.S. at 513. Diversity of citizenship "exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Because Kim and most of the defendants are citizens of Michigan, the district court also lacked diversity jurisdiction.

Accordingly, we **VACATE** the district court's judgment and **REMAND** to the district court to dismiss this case for lack of subject-matter jurisdiction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# Exhibit B

The United States district Court Western District Court Western District of Michigan case no. 1:16-cv-309 Order.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GWANJUN KIM,

        Plaintiff,

v.

GRAND VALLEY STATE UNIVERSITY,
et al.,

        Defendants.

_____/

CASE NO. 1:16-CV-309

HON. ROBERT J. JONKER

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 20). In his

Complaint (docket # 1), Plaintiff reiterates allegations and arguments he made repeatedly and

unsuccessfully in an earlier lawsuit, Kim v. Grand Valley State University et al., No. 1:11-CV-233

("Kim I"). Fundamentally, Plaintiff contends that in Kim I the Court mistakenly denied his motions

for entry of default based on what he describes as false information provided by the defendants and

their legal counsel in that case.[1]  Plaintiff pursued this contention throughout the course of Kim I,

filing a series of motions for default and sanctions, all of which the Court denied. (See Kim I, ECF

No. 48 and ECF No. 166.) Eventually, after denying no fewer than eight such motions, the Court

warned Plaintiff that the "[f]iling of future motions for either an entry of default or for a[n] entry of

---

[1]Plaintiff first moved for default in April 2011. (Kim I, ECF No. 11.) The Kim I defendants
objected, explaining that they had never been served. (Kim I, ECF No. 14.) The Court denied
Plaintiff's first four motions for default in June 2011, finding no record evidence that defendants had
been served before Plaintiff requested default and that defendants' response was timely. (Kim I, ECF
No. 48.) Plaintiff continues to insist – as he did in Kim I – that defendants actually had been served
and that any representation to the contrary was false.

a default judgment may result in sanctions assessed against plaintiff." (Kim I, ECF No. 166, PageID.1134.)

Ultimately, the Court granted the Kim I defendants' motion to dismiss and entered judgment in favor of those defendants and against Mr. Kim. (Kim I, ECF No.193, 194.) The Sixth Circuit affirmed the Court's decision and noted explicitly that "nothing in the record indicates that Kim actually served the defendants with the amended complaint. Their answer – which waived service – was therefore timely. . . . [T]he district court did not abuse its discretion when it denied Kim's motions [for default judgment]." (Kim I, ECF No. 217, PageID.1501.) While his appeal was pending, Plaintiff filed a Rule 60 motion making the same assertions about default. (Kim I, ECF No. 202.) The Court denied the motion, and the Sixth Circuit affirmed the denial. (Kim I, ECF No. 209, ECF No. 233.)

The lawsuit now before the Court centers on the very same issues Kim I already decided: whether the Kim I defendants were properly served before Mr. Kim moved for entry of default, and whether counsel for the Kim I defendants falsely informed the Court that the Kim I defendants had not been served. There is absolutely no basis for the relief Plaintiff seeks. To the contrary, the issues he raises have been fully litigated. Collateral estoppel bars Plaintiff from pursuing the claims again. See N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n (DPOA), 821 F.2d 328, 330 (6th Cir. 1987) ("[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case.")(quotation marks omitted). Collateral estoppel applies where four requirements are satisfied: "(1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of

2

the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding." Id. All four factors are amply satisfied here.

The Court has inherent power to impose sanctions for conduct that abuses the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Plaintiff's continued pursuit of issues already decided amounts to such an abuse. To deter future frivolous filings and avoid needless litigation burden on defendants, the Court places Plaintiff on Restricted Filing status and directs that any Judicial Officer reviewing an application from Plaintiff to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) may grant such an application only after first determining that the complaint survives screening under the standards of 28 U.S.C. § 1915(e)(2). No defendant named in any such complaint shall have an obligation to respond unless and until the Court authorizes service of the complaint on that defendant and sets a deadline for response. To facilitate effective screening, the Court directs that any future cases filed by Plaintiff be assigned to the undersigned under the related case rule of the Court.

The Court notes that Defendants are prevailing parties in this case and may request costs as provided in 28 U.S.C. § 1920 and FED. R. CIV. P. 54(d)(1).

ACCORDINGLY, IT IS ORDERED:

1.   Defendants' Motion to Dismiss (docket # 20) is GRANTED to the extent consistent with this Order and DENIED in all other respects.

2.   The Clerk is directed to place Plaintiff on Restricted Filing status.

3.   Any Judicial Officer reviewing an application from Plaintiff to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) may grant such an application only after first

3

determining that the complaint survives screening under the standards of 28 U.S.C. § 1915(e)(2). No defendant named in any such complaint shall have an obligation to respond unless and until the Court authorizes service of the complaint on that defendant and sets a deadline for response.

4.      Any future cases filed by Plaintiff shall be assigned to the undersigned under the related case rule of the Court.

Dated:      August 19, 2016             /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE

4

# Exhibit C

The U.S. Marshals Record indicated that the U.S. Marshal Christine Elmy (b)(7)(C) actually mailed eighteenth(18)of the USM Form-299 *Receipt of Summons* to nine (9)Defendants.



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

_____

*CS 4*
*Washington, DC 20530-1000*
August 23, 2016

GwanJun Kim
360 E. Tuttle Rd., Lot 54
Ionia, MI 48846

> Re:    **Freedom of Information Act Request No. 2016USMS30258**

> Subject:    **Proof of Receipt of Summons & Complaint was sent to defendants in Case no. 1:11-CV-233.**

Dear GwanJun Kim:

This is in response to your Freedom of Information/Privacy Act (FOIA/PA) request for records maintained by the United States Marshals Service (USMS) that pertain to the above mentioned subject.

A search for responsive records was conducted by the United States Marshals Service and a total of 26 pages responsive to your request were located. After carefully reviewing the pages responsive to your request, we have determined that 2 of these pages are appropriate for release to you in full, and 24 pages are appropriate for release in part pursuant to 5 U.S.C. § 552 (b)(7)(C).

Exemption (b)(7)(C) concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties. Exemption 5 concerns pre-decisional information, including attorney work-product and attorney-client material, reflective of the deliberative process and contained in inter-agency or intra-agency correspondence which is not routinely available to a private party in litigation with an agency.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's eFOIA portal at http://www.justice.gov/oip/efoia-portal.html. Please note that OIP is in the process of transitioning from its current eFOIA portal to the portal on FOIAonline. Please visit the link above for instructions for submitting an appeal electronically. Your appeal must be postmarked or electronically transmitted within 60 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked Freedom of Information Act Appeal.

Sincerely,

/s/ Angela Chappelle Brooks, for

William E. Bordley
Associate General Counsel/FOIPA Officer
Office of General Counsel

2

Fill this form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL.
United States District Court
for the
Western District of Michigan

TO: Grand Valley State Univ.
College of Community
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(c)(1) of the Federal Rules of Civil Procedure, and Michigan    State law.

You **MUST COMPLETE** the acknowledgment part of this form below, **AND RETURN COPIES 1 AND 2** to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011    5/18/11

(b) (7)(C)

Date of Signature

Signature (USMS Official)

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900

Counsel for Grand Valley State Univ.*

Street Number and Street Name or P.O. Box No.

Relationship to Entity/Authority to Receive

Grand Rapids MI    49503

US Mail - June 3, 2011

City, State and Zip Code

Service of Process

JUNE 3, 2011

Signature

Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

* College of Community

USM Form-299
Rev. 05/18
Automated 10/03



U.S. Department of Justice
United States Marshals Service



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL

United States District Court
for the
Western District of Michigan

TO: **(b) (7)(C)**

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan      State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

06/16/2011
Date of Signature

Signature (USMS Official) **(b) (7)(C)**

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

171 Lyon St. Nw, Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids, MI   49503
City, State and Zip Code

Signature

Counsel for Grand Valley State Univ.
Relationship to Entity/Authority to Receive

US Mail - June 17, 2011
Service of Process

June 17, 2011
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 65/10
Automated 10/03



### PROCESS TRACKING SHEET-WAIVERS

Case Number: _____1:11-CV-233_____     Defendant Name:___ ████ **(b) (7)(C)** ████

USMS Received Waiver from Clerk of Court, Date:____03/28/11_____

1ˢᵗ Mailing of Waiver, Date: _5/18/11_____     Executed Waiver Due Date: ___7/28/11_____

X̶Executed Waiver returned to USMS, Date: __6/17/11____
  ̶X̶ Returned executed Waiver to Clerk of Court, Date: __6/29/11_____

___No response to Waiver by due date
      ___"Report of USMS of Unexecuted Waiver of Service" filed with Clerk of Court, Date: _____
        __ Summons received by USMS, Date: _____
            ___Created USM-285, Date: _____
            ___Forwarded USM-285 & Summons to SDUSM-USMS for assignment for personal service,
            Date:_____
                  ___Summons personally served by USMS, Date: _____
                        ___Returned executed Summons and USM-285 to Clerk of Court,
                        Date_____ _____
                  ___Unexecuted Summons and USM-285 returned by USMS, Date: _____ _____
                        ___Returned unexecuted Summons and USM-285 to Clerk of Court,
                        Date:_____

___Waiver returned unexecuted, Date: _____
      ___Unable to identify defendant (Insufficient information, i.e. lack of full name)
            ___Returned unexecuted Waiver to Clerk of Court, Date: _____
      ___Individual is not at address listed on waiver
            X̶Alternate address provided
                  ___Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver, Date: _____
                        ___2ⁿᵈ 3ʳᵈ Mailing to Alternate Address – Initiate New Tracking Sheet
            ___No alternate address provided
                  ___Requested Court Order for MDOC to provide alternate address, Date: _____
                        ___MDOC provided alternate address, Date: _____
                              ___Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver, Date:_____ _____
                                    ___2ⁿᵈ 3ʳᵈ Mailing to alternate address –Initiate new Tracking Sheet)
                        ___Notified MDOC cannot provide alternate address, Date: _____
                              ___Requested SDUSM-USMS to provide alternate address,
                              Date:_____
                                    ___USMS provided alternate address, Date: _____
                                          ___Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver,
                                          Date:_____
                                                ___2ⁿᵈ 3ʳᵈ Mailing to Alternate Address – Initiate New
                                                Tracking Sheet
                                    ___Notified USMS unable to provide alternate address,
                                    Date:_____
                                          ___Returned Unexecuted Waiver to Clerk of Court,
                                          Date:_____



Fill out form and print 4 copies. Sign and date all copies and route as specified below

**U.S. Department of Justice**
**United States Marshals Service**



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: **(b) (7)(C)**

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Hass

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan    State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

**(b) (7)(C)**

06/16/2011
Date of Signature

Signature *(USMS Official)*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

Street Number and Street Name or P.O. Box No.

Relationship to Entity/Authority to Receive

City, State and Zip Code

Service of Process

Signature

Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03



**Fill out form and print 4 copies. Sign and date all copies and route as specified below.**

U.S. Department of Justice
United States Marshals Service



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
### United States District Court
for the
### Western District of Michigan

TO: **(b) (7)(C)**

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011
Date of Signature

**(b) (7)(C)**
Signature (USMS Official)

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

Street Number and Street Name or P.O. Box No.

Relationship to Entity/Authority to Receive

City, State and Zip Code

Service of Process

Signature

Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

7

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

U.S. Department of Justice
United States Marshals Service



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: **(b) (7)(C)**

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan     State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011   5/18/11
Date of Signature

COPY

**(b) (7)(C)**

Signature (USMS Official)

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids MI   49503
City, State and Zip Code

Signature

Counsel for   **(b) (7)(C)**

Relationship to Entity/Authority to Receive

US Mail - June 3, 2011
Service of Process

June 3, 2011
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 03/10
Automated 10/03

8

## PROCESS TRACKING SHEET-WAIVERS

Case Number: _____1:11-CV-233_____    Defendant Name:____ **(b) (7)(C)**

USMS Received Waiver from Clerk of Court, Date:____03/28/11_____

1ˢᵗ Mailing of Waiver, Date: _5/18/11_____    Executed Waiver Due Date: ___7/28/11_____

X Executed Waiver returned to USMS, Date:  _6/6/11_____
   X Returned executed Waiver to Clerk of Court, Date:  _6/15/11_____

___No response to Waiver by due date
   ___"Report of USMS of Unexecuted Waiver of Service" filed with Clerk of Court, Date: _____
     ___Summons received by USMS, Date: _____
      ___Created USM-285, Date: _____
      ___Forwarded USM-285 & Summons to SDUSM-USMS for assignment for personal service, Date:_____
       ___Summons personally served by USMS, Date: _____
        ___Returned executed Summons and USM-285 to Clerk of Court, Date_____
       ___Unexecuted Summons and USM-285 returned by USMS, Date: _____
        ___Returned unexecuted Summons and USM-285 to Clerk of Court, Date:_____

___Waiver returned unexecuted, Date: _____
   ___Unable to identify defendant (insufficient information, i.e. lack of full name)
     ___Returned unexecuted Waiver to Clerk of Court, Date: _____
   ___Individual is not at address listed on waiver
     ___Alternate address provided
      ___Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver, Date: _____
       ___2ⁿᵈ 3ʳᵈ Mailing to Alternate Address –Initiate New Tracking Sheet
     ___No alternate address provided
      ___Requested Court Order for MDOC to provide alternate address, Date: _____
       ___MDOC provided alternate address, Date: _____
        ___Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver, Date:_____
         ___2ⁿᵈ 3ʳᵈ Mailing to alternate address –Initiate new Tracking Sheet)
      ___Notified MDOC cannot provide alternate address, Date: _____
       ___Requested SDUSM-USMS to provide alternate address, Date:_____
        ___USMS provided alternate address, Date: _____
         ___Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver, Date:_____
          ___2ⁿᵈ 3ʳᵈ Mailing to Alternate Address – Initiate New Tracking Sheet
        ___Notified USMS unable to provide alternate address, Date:_____
         ___Returned Unexecuted Waiver to Clerk of Court, Date:_____

9

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
### United States District Court
for the
### Western District of Michigan

TO:
(b) (7)(C)

Civil Action, File Number  1:11-CV-233

GwanJun Kim
v.
Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan        State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within  21  days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21  days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011
Date of Signature

(b) (7)(C)

Signature *(USMS Official)*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

Street Number and Street Name or P.O. Box No.          Relationship to Entity/Authority to Receive

City, State and Zip Code          Service of Process

Signature          Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03



Fill out form and print 4 copies. Sign and date all copies and route as specified below.

U.S. Department of Justice
United States Marshals Service



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
### United States District Court
#### for the
#### Western District of Michigan

TO: Grand Valley State University
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan    State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011 – 5/18/11

Date of Signature

(b) (7)(C)

Signature (USMS Official)

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900

Street Number and Street Name or P.O. Box No.

Grand Rapids MI   49503

City, State and Zip Code

Signature

Counsel for Grand Valley State Univ.

Relationship to Entity/Authority to Receive

US Mail – June 3, 2011

Service of Process

June 3, 2011

Date of Signature

USM-MIT'11 JUN 6PM 2:58

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 03/10
Automated 10/03



PROCESS TRACKING SHEET-WAIVERS


Case Number: _____1:11-CV-233_____          Defendant Name:_____Grand Valley State University_____

USMS Received Waiver from Clerk of Court, Date:____03/28/11_____

1st Mailing of Waiver, Date: _5/18/11_____          Executed Waiver Due Date: ___7/28/11_____

___Executed Waiver returned to USMS, Date: _____
   ___Returned executed Waiver to Clerk of Court, Date: _____

___No response to Waiver by due date
   ___"Report of USMS of Unexecuted Waiver of Service" filed with Clerk of Court, Date: _____
      ___Summons received by USMS, Date: _____
         ___Created USM-285, Date: _____
         ___Forwarded USM-285 & Summons to SDUSM-USMS for assignment for personal service,
         Date:_____
            ___Summons personally served by USMS, Date: _____
               ___Returned executed Summons and USM-285 to Clerk of Court,
               Date_____
            ___Unexecuted Summons and USM-285 returned by USMS, Date: _____
               ___Returned unexecuted Summons and USM-285 to Clerk of Court,
               Date:_____

___Waiver returned unexecuted, Date: _____
   ___Unable to identify defendant (insufficient information, i.e. lack of full name)
      ___Returned unexecuted Waiver to Clerk of Court, Date: _____
   ___Individual is not at address listed on waiver
      _ _Alternate address provided
         ___Emailed Clerk of Court requesting 2nd 3rd Waiver, Date: _____
            ___2nd 3rd Mailing to Alternate Address – Initiate New Tracking Sheet
      ___No alternate address provided
         ___Requested Court Order for MDOC to provide alternate address, Date: _____
            ___MDOC provided alternate address, Date: _____
               ___Emailed Clerk of Court requesting 2nd 3rd Waiver, Date:_____
                  ___2nd 3rd Mailing to alternate address –Initiate new Tracking Sheet)
            ___Notified MDOC cannot provide alternate address, Date: _____
               ___Requested SDUSM-USMS to provide alternate address,
               Date:_____
                  ___USMS provided alternate address, Date: _____
                     ___Emailed Clerk of Court requesting 2nd 3rd Waiver,
                     Date:_____
                       ___2nd 3rd Mailing to Alternate Address – Initiate New
                       Tracking Sheet
                  ___Notified USMS unable to provide alternate address,
               Date:_____
                     ___Returned Unexecuted Waiver to Clerk of Court,
                     Date:_____





Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: | Grand Valley State University
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011
Date of Signature

**(b) (7)(C)**

Signature *(USMS Official)*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

_____
Street Number and Street Name or P.O. Box No.

_____
Relationship to Entity/Authority to Receive

_____
City, State and Zip Code

_____
Service of Process

_____
Signature

_____
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03


13

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: **(b) (7)(C)**

Civil Action, File Number  1:11-CV-233

GwanJun Kim
v.
Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan   State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011    5/18/11
Date of Signature

**(b) (7)(C)**
Signature (USMS Official)

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids MI  49503
City, State and Zip Code

Signature

Counsel for **(b) (7)(C)**
Relationship to Entity/Authority to Receive

US Mail - June 3, 2011
Service of Process

June 3, 2011
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10-03



<u>PROCESS TRACKING SHEET-WAIVERS</u>

Case Number: _____1:11-CV-233_____          Defendant Name:_____ **(b) (7)(C)**

USMS Received Waiver from Clerk of Court, Date:____03/28/11_____

1ˢᵗ Mailing of Waiver, Date: _5/18/11_____          Executed Waiver Due Date: ___7/28/11_____

_X_Executed Waiver returned to USMS, Date: ___ 6/6/11____
____X_Returned executed Waiver to Clerk of Court, Date: ___6/15/11_____

___No response to Waiver by due date
_____"Report of USMS of Unexecuted Waiver of Service" filed with Clerk of Court, Date: _____
_____Summons received by USMS, Date: _____
_____Created USM-285, Date: _____
_____Forwarded USM-285 & Summons to SDUSM-USMS for assignment for personal service, Date:_____
_____Summons personally served by USMS, Date: _____
_____Returned executed Summons and USM-285 to Clerk of Court, Date_____
_____Unexecuted Summons and USM-285 returned by USMS, Date: _____
_____Returned unexecuted Summons and USM-285 to Clerk of Court, Date:_____

___Waiver returned unexecuted, Date: _____ __ __
____Unable to identify defendant (insufficient Information, i.e. lack of full name)
_____Returned unexecuted Waiver to Clerk of Court, Date: _____
____Individual is not at address listed on waiver
_____Alternate address provided
_____Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver, Date: _____
_____2ⁿᵈ 3ʳᵈ Mailing to Alternate Address –Initiate New Tracking Sheet
_____No alternate address provided
_____Requested Court Order for MDOC to provide alternate address, Date: _____
_____MDOC provided alternate address, Date: _____
_____Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver, Date:_____
_____2ⁿᵈ 3ʳᵈ Mailing to alternate address –Initiate new Tracking Sheet)
_____Notified MDOC cannot provide alternate address, Date: _____
_____Requested SDUSM-USMS to provide alternate address, Date:_____
_____USMS provided alternate address, Date: _____
_____Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver, Date:_____
_____2ⁿᵈ 3ʳᵈ Mailing to Alternate Address – Initiate New Tracking Sheet
_____Notified USMS unable to provide alternate address, Date:_____
_____Returned Unexecuted Waiver to Clerk of Court, Date:_____



Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
### United States District Court
### for the
### Western District of Michigan

TO: (b) (7)(C)

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

(b) (7)(C)

03/28/2011
Date of Signature

Signature (USMS Official)

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

Street Number and Street Name or P.O. Box No.

Relationship to Entity/Authority to Receive

City, State and Zip Code

Service of Process

Signature

Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03



Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
### United States District Court
### for the
### Western District of Michigan

TO: **(b) (7)(C)**

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan State law.

You **MUST COMPLETE** the acknowledgment part of this form below, **AND RETURN COPIES 1 AND 2** to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

**YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES.** If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

~~03/28/2011~~ 5/18/11                                    **(b) (7)(C)**
Date of Signature                                         Signature *(USMS Official)*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids MI  49503
City, State and Zip Code

_____
Signature

Counsel for **(b) (7)(C)**
Relationship to Entity/Authority to Receive

US Mail - June 3, 2011
Service of Process

June 3, 2011
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

17

PROCESS TRACKING SHEET-WAIVERS

Case Number: ____1:11-CV-233_____    Defendant Name:____ (b) (7)(C)

USMS Received Waiver from Clerk of Court, Date:___.03/28/11_____

1ˢᵗ Mailing of Waiver, Date: _5/18/11_____    Executed Waiver Due Date: ___7/28/11_____

X Executed Waiver returned to USMS, Date: _6/6/11_____
    X Returned executed Waiver to Clerk of Court, Date: _6/15/11_____

___No response to Waiver by due date
    ___"Report of USMS of Unexecuted Waiver of Service" filed with Clerk of Court, Date: _____
       ___Summons received by USMS, Date: _____
          ___Created USM-285, Date: _____
          ___Forwarded USM-285 & Summons to SDUSM-USMS for assignment for personal service,
          Date:_____
             ___Summons personally served by USMS, Date: _____
               ___Returned executed Summons and USM-285 to Clerk of Court,
               Date_____
             ___Unexecuted Summons and USM 285 returned by USMS, Date: _____
               ___Returned unexecuted Summons and USM-285 to Clerk of Court,
               Date:_____

___Waiver returned unexecuted, Date: _____
    ___Unable to identify defendant (insufficient information, i.e. lack of full name)
       ___Returned unexecuted Waiver to Clerk of Court, Date: _____
    ___Individual is not at address listed on waiver
       ___Alternate address provided
          ___Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver, Date: _____
             ___2ⁿᵈ 3ʳᵈ Mailing to Alternate Address –Initiate New Tracking Sheet
       ___No alternate address provided
          ___Requested Court Order for MDOC to provide alternate address, Date: _____
             ___MDOC provided alternate address, Date: _____
               ___Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver, Date:_____
                  ___2ⁿᵈ 3ʳᵈ Mailing to alternate address –Initiate new Tracking Sheet)
             ___Notified MDOC cannot provide alternate address, Date: _____
               ___Requested SDUSM-USMS to provide alternate address,
               Date:_____
                  ___USMS provided alternate address, Date: _____
                     ___Emailed Clerk of Court requesting 2ⁿᵈ 3ʳᵈ Waiver,
                     Date:_____
                       ___2ⁿᵈ 3ʳᵈ Mailing to Alternate Address – Initiate New
                       Tracking Sheet
                  ___Notified USMS unable to provide alternate address,
               Date:_____
                     ___Returned Unexecuted Waiver to Clerk of Court,
                     Date:_____

*18*

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
### United States District Court
### for the
### Western District of Michigan

TO:   (b) (7)(C)

Civil Action, File Number 1:11-CV-233

GwanJun Kim
v.
Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan   State law.

You <u>MUST COMPLETE</u> the acknowledgment part of this form below, <u>AND RETURN COPIES 1 AND 2</u> to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

(b) (7)(C)

03/28/2011
Date of Signature

Signature *(USMS Official)*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

Street Number and Street Name or P.O. Box No.

Relationship to Entity/Authority to Receive

City, State and Zip Code

Service of Process

Signature

Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03





**U.S. Department of Justice**
**United States Marshals Service**

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: **(b) (7)(C)**

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan State law.

You **MUST COMPLETE** the acknowledgment part of this form below, **AND RETURN COPIES 1 AND 2** to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011    5/18/11                                    **(b) (7)(C)**
Date of Signature                                        Signature (USMS Official)

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900                    Counsel for **(b) (7)(C)**
Street Number and Street Name or P.O. Box No.   Relationship to Entity/Authority to Receive

Grand Rapids, MI 49503                       US Mail - June 3, 2011
City, State and Zip Code                        Service of Process

Signature                                    June 3, 2011
                                             Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03



PROCESS TRACKING SHEET-WAIVERS

Case Number: _____1:11-CV-233_____    Defendant Name:___ [(b) (7)(C)]

USMS Received Waiver from Clerk of Court, Date:___03/28/11_____

1ST Mailing of Waiver, Date: _5/18/11_____    Executed Waiver Due Date:___7/28/11_____

X Executed Waiver returned to USMS, Date: _6/16/11_
    X Returned executed Waiver to Clerk of Court, Date:  6/15/11_____

___No response to Waiver by due date
    ___ "Report of USMS of Unexecuted Waiver of Service" filed with Clerk of Court, Date: _____
        ___Summons received by USMS, Date: _____
            ___Created USM-285, Date: _____
            ___Forwarded USM-285 & Summons to SDUSM-USMS for assignment for personal service,
            Date:_____
                ___Summons personally served by USMS, Date: _____
                    ___Returned executed Summons and USM-285 to Clerk of Court,
                    Date_____
                ___Unexecuted Summons and USM-285 returned by USMS, Date: _____
                    ___Returned unexecuted Summons and USM-285 to Clerk of Court,
                    Date:_____

___Waiver returned unexecuted, Date: _____
    ___Unable to identify defendant (insufficient information, i.e. lack of full name)
        ___Returned unexecuted Waiver to Clerk of Court, Date: _____
    ___Individual is not at address listed on waiver
        ___Alternate address provided
            ___Emailed Clerk of Court requesting 2nd 3rd Waiver, Date: _____
                ___2nd 3rd Mailing to Alternate Address –Initiate New Tracking Sheet
        ___No alternate address provided
            ___Requested Court Order for MDOC to provide alternate address, Date: _____
                ___MDOC provided alternate address, Date: _____
                    ___Emailed Clerk of Court requesting 2nd 3rd Waiver, Date:_____
                        ___2nd 3rd Mailing to alternate address –Initiate new Tracking Sheet)
                ___Notified MDOC cannot provide alternate address, Date: _____
                    ___Requested SDUSM-USMS to provide alternate address,
                    Date:_____
                        ___USMS provided alternate address, Date: _____
                            ___Emailed Clerk of Court requesting 2nd 3rd Waiver,
                            Date:_____
                                ___2nd 3rd Mailing to Alternate Address – Initiate New
                                Tracking Sheet
                        ___Notified USMS unable to provide alternate address,
                        Date:_____
                            ___Returned Unexecuted Waiver to Clerk of Court,
                            Date:_____

21

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: **(b) (7)(C)**

Civil Action, File Number 1:11-CV-233

GwanJun Kim
v.
Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan      State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

**(b) (7)(C)**

03/28/2011
Date of Signature                                      Signature *(USMS Official)*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

Street Number and Street Name or P.O. Box No.          Relationship to Entity/Authority to Receive

City, State and Zip Code                               Service of Process

Signature                                              Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

**77**

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



---

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: Grand Valley State Univ.
College of Education
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number 1:11-CV-233

GwanJun Kim
v.
Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011     5-18-11

Date of Signature

(b) (7)(C)

Signature (USMS Official)

---

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900

Street Number and Street Name or P.O. Box No.

Grand Rapids MI 49503

City, State and Zip Code

Signature

Counsel for Grand Valley State Univ. *

Relationship to Entity/Authority to Receive

US Mail - June 3, 2011

Service of Process

June 3, 2011

Date of Signature

\* College of Education

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

23

## PROCESS TRACKING SHEET-WAIVERS

Case Number: _____1:11-CV-233_____    Defendant Name:____Grand Valley State Univ._____

USMS Received Waiver from Clerk of Court, Date:____03/28/11_____

1st Mailing of Waiver, Date: _5/18/11_____    Executed Waiver Due Date: ___7/28/11_____

X Executed Waiver returned to USMS, Date: __6/6/11_____
    X Returned executed Waiver to Clerk of Court, Date: ____6/15/11_____

__No response to Waiver by due date
    __"Report of USMS of Unexecuted Waiver of Service" filed with Clerk of Court, Date: _____
        __Summons received by USMS, Date: _____
            __Created USM-285, Date: _____
            __Forwarded USM-285 & Summons to SDUSM-USMS for assignment for personal service,
            Date:_____
                __Summons personally served by USMS, Date: _____
                    __Returned executed Summons and USM-285 to Clerk of Court,
                    Date_____
                __Unexecuted Summons and USM-285 returned by USMS, Date: _____
                    __Returned unexecuted Summons and USM-285 to Clerk of Court,
                    Date:_____

__Waiver returned unexecuted, Date: _____
    __Unable to identify defendant (insufficient information, i.e. lack of full name)
        __Returned unexecuted Waiver to Clerk of Court, Date: _____
    __Individual is not at address listed on waiver
        __Alternate address provided
            __Emailed Clerk of Court requesting 2nd 3rd Waiver, Date: _____
                __2nd 3rd Mailing to Alternate Address --Initiate New Tracking Sheet
        __No alternate address provided
            __Requested Court Order for MDOC to provide alternate address, Date: _____
                __MDOC provided alternate address, Date: _____
                    __Emailed Clerk of Court requesting 2nd 3rd Waiver, Date:_____
                    __2nd 3rd Mailing to alternate address --Initiate new Tracking Sheet)
                __Notified MDOC cannot provide alternate address, Date: _____
                  __Requested SDUSM-USMS to provide alternate address,
                  Date:_____
                    __USMS provided alternate address, Date: _____
                      __Emailed Clerk of Court requesting 2nd 3rd Waiver,
                      Date:_____
                        __2nd 3rd Mailing to Alternate Address – Initiate New
                      Tracking Sheet
                __Notified USMS unable to provide alternate address,
             Date:_____
                  __Returned Unexecuted Waiver to Clerk of Court,
                  Date:_____

**24**

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



---

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: Grand Valley State Univ.
College of Education
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number 1:11-CV-233

GwanJun Kim
v.
Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011
Date of Signature

(b) (7)(C)

Signature (USMS Official)

---

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

Street Number and Street Name or P.O. Box No.

Relationship to Entity/Authority to Receive

City, State and Zip Code

Service of Process

Signature

Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

25

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO:  (b) (7)(C)

Civil Action, File Number  1:11-CV-233

GwanJun Kim
v.
Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011   5/18/11
Date of Signature

(b) (7)(C)
Signature (USMS Official)

---

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids, MI 49503
City, State and Zip Code

Signature

Counsel for  (b) (7)(C)
Relationship to Entity/Authority to Receive

US Mail - June 3, 2011
Service of Process

June 3, 2011
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03





## PROCESS TRACKING SHEET-WAIVERS

Case Number: _____1:11-CV-233_____    Defendant Name: [ (b) (7)(C) ]

USMS Received Waiver from Clerk of Court, Date:____03/28/11_____

1st Mailing of Waiver, Date: _5/18/11_____    Executed Waiver Due Date: ___7/28/11_____

X̲Executed Waiver returned to USMS, Date: _6/6/11_____
    ←Returned executed Waiver to Clerk of Court, Date: _6/15/11_____

___No response to Waiver by due date
    ___"Report of USMS of Unexecuted Waiver of Service" filed with Clerk of Court, Date: _____
        ___Summons received by USMS, Date: _____
            ___Created USM-285, Date: _____
            ___Forwarded USM-285 & Summons to SDUSM-USMS for assignment for personal service,
            Date:_____
                ___Summons personally served by USMS, Date: _____
                    ___Returned executed Summons and USM-285 to Clerk of Court,
                    Date_____
                ___Unexecuted Summons and USM-285 returned by USMS, Date: _____
                    ___Returned unexecuted Summons and USM-285 to Clerk of Court,
                    Date:_____

___Waiver returned unexecuted, Date: _____
    ___Unable to identify defendant (insufficient information, i.e. lack of full name)
        ___Returned unexecuted Waiver to Clerk of Court, Date: _____
    ___Individual is not at address listed on waiver
        ___Alternate address provided
            ___Emailed Clerk of Court requesting 2nd 3rd Waiver, Date: _____
                ___2nd 3rd Mailing to Alternate Address –Initiate New Tracking Sheet
       ___No alternate address provided
            ___Requested Court Order for MDOC to provide alternate address, Date: _____
                ___MDOC provided alternate address, Date: _____
                    ___Emailed Clerk of Court requesting 2nd 3rd Waiver, Date:_____
                      ___2nd 3rd Mailing to alternate address –Initiate new Tracking Sheet)
            ___Notified MDOC cannot provide alternate address, Date: _____
                ___Requested SDUSM-USMS to provide alternate address,
                Date:_____
                    ___USMS provided alternate address, Date: _____
                        ___Emailed Clerk of Court requesting 2nd 3rd Waiver,
                        Date:_____
                          ___2nd 3rd Mailing to Alternate Address – Initiate New
                          Tracking Sheet
                  ___Notified USMS unable to provide alternate address,
                Date:_____
                    ___Returned Unexecuted Waiver to Clerk of Court,
                    Date:_____

**27**

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

U.S. Department of Justice
United States Marshals Service



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: **(b) (7)(C)**

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan     State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21  days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgement of Receipt of Summons and Complaint By Mail was mailed on this date.

**(b) (7)(C)**

03/28/2011
_____
Date of Signature

Signature (USMS Official)

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

_____
Street Number and Street Name or P.O. Box No.

_____
Relationship to Entity/Authority to Receive

_____
City, State and Zip Code

_____
Service of Process

_____
Signature

_____
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

28

# Exhibit D

The Court record appears that the Clerk's office issued Summons to all defendants on Marsh 25, 2011. Fifty eight (58) days later, on May 18, 2011, and eighty four (84days) later June 16, 2011, the U.S. Marshals mailed the *Receipt of Summons* to nine(9) defendants.

AO 440 (Rev. 01/09) Summons in a Civil Action - MIWD (Rev. 11/09)

## SUMMONS IN A CIVIL ACTION
### UNITED STATES DISTRICT COURT FOR THE WESTERN DIST

1:11-cv-233
Robert J. Jonker
U.S. District Judge

Gwan Jun Kim

v.
Thomas J. Haas

Case No.
Hon.

TO:
ADDRESS:

A lawsuit has been filed against you.

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff, an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within ___21___ days after service of this summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the Court, whose address is indicated below.

Plaintiff's/Plaintiff's Attorney's name and address
Gwan Jun Kim
360 East Tuttle Rd Lot 64
Ionia, MI 48845

TRACEY CORDES, CLERK OF COURT
By:
Date:   MAR 2 5 2011

## PROOF OF SERVICE

This summons for _____ was received by me on _____

☐ I personally served the summons on the individual at _____ on _____

☐ I left the summons at the individual's residence or usual place of abode with _____ , a person of suitable age and discretion who resides there, on _____ , and mailed a copy to the individual's last known address.

☐ I served the summons on _____ , who is designated by law to accept service of process on behalf of _____ , on _____

☐ I returned the summons unexecuted because _____

☐ Other (specify):

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under the penalty of perjury that this information is true.

Date: _____

Additional information regarding attempted service, etc.:

Fill out form and print 4 copies. Sign and date all copies an

**FILED - GR**

June 16, 2011 11:57 AM
TRACEY CORDES, CLERK
U.S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BY __aid __/_____  SCANNED BY /ИᴅO /  ᴜᴦᴌᴏ

U.S. Department of Justice
United States Marshals Service

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western  District of  Michigan

TO:  Grand Valley State University
1 Campus Drive
Allendale, MI  49401

Civil Action, File Number  1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan     State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

~~03/28/2011~~   5/18/11
Date of Signature

Christine Elmy
Digitally signed by Christine Elmy
DN: cn=Christine Elmy, o=USMS, ou=W7
MI_email=chris.elmy@usdoj.gov, c=US
Date: 2011.05.18 12:38:37 -04'00'

Signature *(USMS Official)*

---

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids MI   49503
City, State and Zip Code

Signature

Counsel for Grand Valley State Univ.
Relationship to Entity/Authority to Receive

US Mail - June 3, 2011
Service of Process

June 3, 2011
Date of Signature

USM-WMI'11JUN 6PM 2:43

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



JLB

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL

United States District Court
for the
Western District of Michigan

TO: Grand Valley State Univ.
College of Community
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

~~03/28/2011~~   5/18/11

Date of Signature

Christine Elmy
Digitally signed by Christine Elmy
DN: cn=Christine Elmy, o=USMS, ou=W/
MI, email=chris.elmy@usdoj.gov, c=US
Date: 2011.05.18 12:09:37 -04'00'

Signature *(USMS Official)*

---

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids MI 49503
City, State and Zip Code

Signature

Counsel for Grand Valley State Univ.*
Relationship to Entity/Authority to Receive

US Mail - June 3, 2011
Service of Process

June 3, 2011
Date of Signature

*College of Community
USM-WMI 11 JUN 6PM 2:53

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: George Grant
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number 1:11-CV-233

GwanJun Kim
v.
Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011  5/18/11
Date of Signature

Christine Elmy
Signature *(USMS Official)*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids MI 49503
City, State and Zip Code

Signature

Counsel for George Grant
Relationship to Entity/Authority to Receive

US Mail - June 3, 2011
Service of Process

June 3, 2011
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

Fill out form and print 4 copies.  Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western  District of  Michigan

TO: Olivia A. Williams
1 Campus Drive
Allendale, MI  49401

Civil Action, File Number  1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan    State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within  21  days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011    > | 18 | 11
Date of Signature

*Christine Elmy*  Digitally signed by Christine Elmy
DN: cn=Christine Elmy, o=USMS, ou=-WI
MI, email=chris.elmy@usdoj.gov, c=US
Date: 2011.05.18 12:32:37 -04'00'

Signature *(USMS Official)*

---

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids MI  49503
City, State and Zip Code

*[signature]*
Signature

Counsel for Olivia A. Williams
Relationship to Entity/Authority to Receive

US Mail – June 3, 2011
Service of Process

June 3, 2011
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

USR=WAT'11.001 Spr 2:51

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

U.S. Department of Justice
United States Marshals Service



JIB

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL

United States District Court
for the
Western District of Michigan

Rcd
5/20/11

TO: Paula Lancaster
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number 1:11-CV-233

GwanJun Kim
v.
Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan    State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011    5/18/11
Date of Signature

Christine Elmy    Digitally signed by Christine Elmy
DN: cn=Christine Elmy, o=USMS, ou=WI
MI, email=chris.elmy@usdoj.gov, c=US
Date: 2011.05.18 12:39:37 -04'00'

Signature (USMS Official)

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids MI   49503
City, State and Zip Code

Signature

Counsel for Paula Lancaster
Relationship to Entity/Authority to Receive

US Mail - JUne 3, 2011
Service of Process

June 3, 2011
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

USM-WMI 11 JUN 6PM 2:51

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



# NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO:
Elaine c. Collins
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number 1:11-CV-233

GwanJun Kim
v.
Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan    State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

~~03/28/2011~~  5/18/11
Date of Signature

Christine Elmy    Digitally signed by Christine Elmy
DN: cn=Christine Elmy, o=USMS, ou=W/
MI, email=chris.elmy@usdoj.gov, c=US
Date: 2011.05.18 12:39:37 -04'00'

Signature *(USMS Official)*

---

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids MI  49503
City, State and Zip Code

Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

Counsel for Elaine C. Collins
Relationship to Entity/Authority to Receive

US Mail - June 3, 2011
Service of Process

June 3, 2011
Date of Signature

USM Form-299
Rev. 05/10
Automated 10/03

USM-WMI'11JUN 6PM 2:58

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

U.S. Department of Justice
United States Marshals Service



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO:  Thomas J. Haas
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number  1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan     State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

03/28/2011   5/18/11
Date of Signature

Christine Elmy  Digitally signed by Christine Elmy
DN: cn=Christine Elmy, o=USMS, ou=WI
M, email=chris.elmy@usdoj.gov, c=US
Date: 2011.05.18 12:39:37 -04'00'
Signature (USMS Official)

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. NW Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids MI  49503
City, State and Zip Code

Signature

Counsel for Thomas J. Haas
Relationship to Entity/Authority to Receive

US Mail – June 3, 2011
Service of Process

June 3, 2011
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

USM-WMI*11 JUN 6PM 2:51

Fill out form and print 4 copies. Sign and date all copies and route as specified below.

**U.S. Department of Justice**
**United States Marshals Service**



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western District of Michigan

TO: Grand Valley State Univ.
College of Education
1 Campus Drive
Allendale, MI 49401

Civil Action, File Number 1:11-CV-233

GwanJun Kim

v.

Thomas J. Haas

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan    State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

~~03/18/2011~~      5|18|11

Date of Signature

**Christine Elmy**    Digitally signed by Christine Elmy
DN: cn=Christine Elmy, o=USMS, ou=W MI_email=christie.elmy@usdoj.gov, c=US Date: 2011.05.18 12:39:37 -04'00'

Signature *(USMS Official)*

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

_____111Lyon St. NW Ste. 900_____

Street Number and Street Name or P.O. Box No.

____Grand Rapids MI 49503____

City, State and Zip Code

_____

Signature

Counsel for Grand Valley State Univ. *

Relationship to Entity/Authority to Receive

US Mail – June 3, 2011

Service of Process

June 3, 2011

Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

* College of Education

USM Form-299
Rev. 05/10
Automated 10/03

USM-WMI'11JUN 6PM 2:50

Fill out form and print 4 copies. Sign and date if able.

**U.S. Department of Justice**
**United States Marshals Service**

**FILED - GR**
June 29, 2011 11:06 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc  /   SCANNED BY



## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT BY MAIL
United States District Court
for the
Western  District of  Michigan

USM-WMT'11-JUN29aux10*39

TO: Lois Smith Owens
Warner Norcross & Judd, LLP
900 Fifth Third Ctr
111 Lyon St., NW
Grand Rapids, MI 49503

Civil Action, File Number 1:11-CV-233

GwanJun Kim
v.
Thomas J. Hass

The enclosed summons and complaint are served pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and Michigan      State law.

You MUST COMPLETE the acknowledgment part of this form below, AND RETURN COPIES 1 AND 2 to the sender within 21 days. An envelope has been enclosed for this purpose. Keep copy 3 for your records.

YOU MUST SIGN AND DATE THE ACKNOWLEDGMENT ON ALL COPIES. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return copies 1 and 2 of this form to the sender within 21 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return copies 1 and 2 of this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days for private defendants and/or 60 days for Federal defendants. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint By Mail was mailed on this date.

06/16/2011
Date of Signature

Christine Elmy
Digitally signed by Christine Elmy
DN: cn=Christine Elmy, o=USMS, ou=WI
MI  email=chris.elmy@usdoj.gov, c=US
Date: 2011.06.16 15:26:33 -04'00'

Signature (USMS Official)

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned manner at:

111 Lyon St. Nw, Ste. 900
Street Number and Street Name or P.O. Box No.

Grand Rapids, MI  49503
City, State and Zip Code

Signature

Counsel for Grand Valley State Univ.
Relationship to Entity/Authority to Receive

US Mail - June 17, 2011
Service of Process

June 17, 2011
Date of Signature

Copy 1 - Clerk of Court
Copy 2 - United States Marshals Service
Copy 3 - Addressee
Copy 4 - USMS District Suspense

USM Form-299
Rev. 05/10
Automated 10/03

# Exhibit E

The U.S. Marshals indicated that "Name of Marshals Service personal [U.S. Marshal Christine Elmy (b)(7)(C)]and third party [*Kim II*defendant Edward J. Bardelli ] have been deleted" the Exhibit C and/or D



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*Washington, D.C. 20530-0001*

DEC 1 8 2017

Mr. GwanJun Kim
360 East Tuttle Rd., Lot 54
Ionia, MI 48846

RE:   Freedom of Information/Privacy Act Request No. 2018USMS32288
      Subject:  Service of Process on March 28, 2011

Dear Mr. Kim:

The United States Marshals Service (USMS) is making a supplemental response to your Freedom of Information/Privacy Act (FOIA/PA) request for documentation that the USMS served the summons, and complaint to the defendant on March 28, 2011 in the case 1:11-cv-00233, and 1:16-CV-00309 –PLM-PJG, United States District Court for the Western District of Michigan.

Pursuant to your request for additional information pertaining to 1:11-cv-00233 and 1:16-CV-00309-PLM,-PJG, be advised that court records are not USMS records. However, six additional pages were previously located and are released to you with this letter. Names of Marshals Service personnel and third parties have been deleted pursuant to exemption (b) (7) (C) of the Freedom of Information Act, 5 U.S.C. 552. Exemption 7(C) concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.portal.html.   Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information/ Privacy Act Appeal."

You may contact William E. Bordley or our FOIA Public Liaison, Cynthia Castaneda, at the telephone number listed above for any further assistance and to discuss any aspect of your request.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001, email at ogis@nara.gov, telephone at 202-741-5770; toll free at 1-877-684-6448, or facsimile at 202-741-5769.

Sincerely,

*Leile I. Wasson*

WILLIAM E. BORDLEY
Associate General Counsel/FOIPA Officer
Office of General Counsel

AO 440 (Rev. 01/09) Summons in a Civil Action - MIWD (Rev. 11/09)

## SUMMONS IN A CIVIL ACTION
## UNITED STATES DISTRICT COURT FOR THE WESTERN DIST

1:11-cv-233
Robert J. Jonker
U.S. District Judge

Gwan Jun Kim

Case No.
Hon.

v.

Thomas J. Hesse

TO:
ADDRESS:

USM-INT*11MR23bxd1017

A lawsuit has been filed against you.

Plaintiff's or Plaintiff's Attorney's Name and Address
Gwan Jun Kim
360 East Tuttle Rd Lot 54
Ionia, MI 48846

YOU ARE HEREBY SUMMONED and required to serve upon plaintiff, an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within ___21___ days after service of this summons on you (not counting the day you received it). If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the Court, whose address is indicated below.

TRACEY CORDES, CLERK OF COURT

By: [signature]

Dated: MAR 2 5 2011

☑ 399 Federal Building
110 Michigan St., NW
Grand Rapids, MI 49503

☐ P.O. Box 699
229 Federal Building
Marquette, MI 49855

☐ 3438 Federal Building
410 W. Michigan Ave.
Kalamazoo, MI 49007

☐ 113 Federal Building
315 W. Allegan
Lansing, MI 48933

## PROOF OF SERVICE

This summons for _____ Lois Smith Owens _____ was received by me on _____
*(name of individual and title, if any)*                                                                    *(date)*

☐ I personally served the summons on the individual at _____
on _____                                               *(place)*
   *(date)*

☐ I left the summons at the individual's residence or usual place of abode with _____, a person
   *(name)*
of suitable age and discretion who resides there, on _____, and mailed a copy to the individual's last known address.
                                                      *(date)*

☐ I served the summons on _____, who is designated by law to accept service
                            *(name of individual)*
of process on behalf of _____ on _____
                         *(name of organization)*       *(date)*

☐ I returned the summons unexecuted because _____

☐ Other *(specify)* _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under the penalty of perjury that this information is true.

Date: _____                                    _____
                                                    *(server's signature)*

                                                    _____
                                                    *(server's printed name and title)*

Additional information regarding attempted service, etc.:

                                                    _____
                                                    *(server's address)*

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,

    Plaintiff,             Case No. 1:11-cv-233

v.                      Hon. Robert J. Jonker

GRAND VALLEY STATE
UNIVERSITY et al.

    Defendant(s).         __ORDER TO PROCEED IN FORMA PAUPERIS__

IT IS ORDERED that plaintiff in the above-entitled proceeding may commence this action without prepayment of fees or costs or security therefor. Any pleadings herein served by the United States Marshal shall be at the expense of the United States government. All costs shall be reimbursed to the United States should the plaintiff prevail.

IT IS FURTHER ORDERED that plaintiff shall serve upon defendants or, if appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. The plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date a true and correct copy of any document was mailed to defendants or the attorney(s). Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Dated: March 24, 2011            s/ Hugh W. Brenneman, Jr
                          HUGH W. BRENNEMAN, JR.
                          United States Magistrate Judge

Certified as a True Copy

By _____
Deputy Clerk
U. S. District Court
Western Dist. of Michigan
Date 3/25/11

Case 1:11-cv-00233-RJJ-HWB   Doc. #5 (Court only)  Filed 03/25/11  Page 1 of 1   Page ID#5 :

UNITED STATES GOVERNMENT

# memorandum

DATE: 03/22/2011

REPLY TO
ATTN OF:  Martha(sld)

SUBJECT:  GwanJun Kim                    v. Grand Valley State

Case No. 1:11-cv-233

TO:  Magistrate Judge Brenneman

FILED - GR
March 25, 2011 11:30 AM

TRACEY CORDES, CLERK
U.S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY _____ SCANNED BY ____ 3/25

The above case is a pro per - forma pauperis case. Would you kindly advise us below if we should issue the summons and give them to the U. S. Marshal for service?

YES, SERVE   _____

NO   _____

Dated:  3/25/11

Hugh W. Brenneman
U.S. Magistrate Judge

Certified as a True Copy
By _____
Deputy Clerk
U.S District Court
Western Dist. of Michigan
Date  3/25/11

| 1. NO. TO SERVE | | 2. CHECK (if appropriate) | 3. COURT NUMBER |
|---|---|---|---|
| 9 | Private -civil | ☒ PAUPER ☐ SEAMAN | 1:11-CV-233 |

U.S. DEPARTMENT OF JUSTICE
UNITED STATES MARSHALS SERVICE

**RECEIPT AND DISBURSEMENT RE**

| 4. DATE | 5. PURPOSE/REFERENCE | 6. TIMES AND SERVED | 7. CHARGES | 8. FUNDS RECEIVED | DISBURSEMENT | | 11. DEPOSIT FUND BALANCE | 12. UNCOLL CHA BALA |
|---|---|---|---|---|---|---|---|---|
| | | | | | 9. CHECKS ISSUED (AMOUNTS) | 10. AMOUNT TRANS-FERRED TO MISC. RECPTS. ACCT. | | |
| 5/18/11 | Mailed 9 s/c | | 72.00 | | | | | 72. |
| 6/6/11 | 8 Responses filed | X | | | | | | |
| 6/16/11 | Remit to new address | | 8.00 | | | | | 8.0 |
| 6/17/11 | 1 Response filed | X | | | | | | |
| 6/29/11 | Close file - complete Courts | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |


**Warner Norcross & Judd**
ATTORNEYS AT LAW

*Edward J. Bardelli*

616.752.2165
Fax 616.222.2165

ebardelli@wnj.com

~~To Lori 39~~
~~one Fifth Third Ct~~
~~111 Lyon St  SW~~
~~G R, MI  49503~~

June 3, 2011

United States Marshals Service
Attn: █(b)-(7)(C)█
111 Michigan Ave NW
Grand Rapids, MI 49503

Re: *Kim v. Grand Valley State University, et al.*, Case No. 1:11-cv-233

Dear Ms. Elmy:

I am authorized to receive service of the Summons and Complaint on behalf of all of the Defendants in the above-referenced litigation. The Defendants did not begin to receive copies of the Notice and Acknowledgment of Receipt of Summons and Complaint by Mail ("USM Form-299") until May 20, 2011. As requested on the USM Form-299's, I am returning signed USM Form-299's on behalf of the following Defendants in the above-referenced matter:

- Grand Valley State University;
- Grand Valley State University College of Community;
- Grand Valley State University College of Education;
- (b) (7)(C)
- •
- •
- •



If you have any questions, please contact me.

Very truly yours,

Edward J. Bardelli

LJB/dlh
Enc.
4529426-1



EDWARD J. BARDELLI

616.752.2165
Fax 616.222.2165

ebardelli@wnj.com

June 20, 2011

United States Marshals Service
Attn: {b) {7}(C)
111 Michigan Ave NW
Grand Rapids, MI 49503

USD-HVC'11 Jn 23oct18:30

Re:    *Kim v. Grand Valley State University, et al.*, Case No. 1:11-cv-233

Dear {b) {7}

I am authorized to receive service of the Summons and Complaint on behalf of Defendant
{b) {7}(C)      in the above-referenced litigation.
If you have any questions, please contact me.

Very truly yours,

Edward J. Bardelli

EJB/dlh
Enc.
5329406-1

# Exhibit F

Defendants Opposition to Plaintiff's Application for Entry of Default that "[March 28, 2011] Plaintiff [the U.S Marshals service] has not served any Defendant with copy of the Summons, his original Complaint" (*Kim I,* ECF No. 14 p.2)

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GWANJUN KIM,

               Plaintiff,

v.

GRAND VALLEY STATE UNIVERSITY,
GRAND VALLEY STATE UNIVERSITY –
COLLEGE OF EDUCATION, GRAND
VALLEY STATE UNIVERSITY –
COLLEGE OF COMMUNITY AND PUBLIC
SERVICE, THOMAS J. HAAS, ELAINE C.
COLLINS, PAULA LANCASTER, OLIVIA
A. WILLIAMS, GEORGE GRANT, and LOIS
SMITH OWENS,

               Defendants.

Case No. 1:11-cv-00233-RJJ-HWB

Honorable Robert J. Jonker

Magistrate Judge Hugh W. Brenneman, Jr.

| | |
|---|---|
| GwanJun Kim<br>360 East Tuttle Road<br>Lot 54<br>Ionia, MI 48846<br>616.902.4344<br>gwanjun@hotmail.com<br>PRO SE | Edward J. Bardelli (P53849)<br>Gregory M. Kilby (P68266)<br>**WARNER NORCROSS & JUDD LLP**<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, MI 49503<br>616.752.2000<br>ebardelli@wnj.com<br>gkilby@wnj.com<br>Attorneys for Defendants |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## APPLICATION FOR ENTRY OF DEFAULT

### INTRODUCTION

On April 15, 2011, Plaintiff applied to this Court for entry of default against all of the

named Defendants.  But Plaintiff has yet to serve any of the Defendants as required by the

Federal Rules of Civil Procedure. This Court should therefore deny Plaintiff's Application for

Entry of Default.

## FACTUAL BACKGROUND

Plaintiff filed his original Complaint on March 9, 2011. (Dkt. #1.) The Summons for

Plaintiff's original Complaint was issued on March 25, 2011. (*See generally*, Dkt.) Plaintiff did

not serve, in accordance with the Federal Rules of Civil Procedure, the Summons or a copy of

his original Complaint on any of the Defendants. (*Id.*) Then, on March 28, 2011, Plaintiff

sought leave of court to file his First Amended Complaint. (Dkt. #6.) This Court granted

Plaintiff's motion and deemed his First Amended Complaint to be filed on April 1, 2011. (Dkt.

#8, 9.) As with his original Complaint, Plaintiff has not yet served, in accordance with the

applicable rules, a copy of the Summons or his First Amended Complaint on any of the

Defendants. (*See generally*, Dkt.)

Less than a week later, on April 7, 2011, Plaintiff purported to commence discovery.

(Dkt. #10.) Aware that Plaintiff was representing himself and likely unfamiliar with the service

requirements as set forth in the Federal Rules of Civil Procedure, on April 11, 2011, Defendants'

counsel reached out to Plaintiff by e-mail and agreed to accept service of the First Amended

Complaint by either regular or electronic mail. (Exhibit A.) To date, Plaintiff has not mailed a

copy of the First Amended Complaint to Defendants' counsel.

## ARGUMENT

It is axiomatic that one cannot obtain entry of a default against a party that has not yet

been served. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("In the

absence of service of process (or waiver of service by the defendant), a court ordinarily may not

exercise power over a party the complaint names as defendant."), citing *Omni Capital Int'l, Ltd.*

*v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), and *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946). The Sixth Circuit has been explicit: "there must be effective service of process on a defendant before an entry of default can be made." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board,* 2000 WL 1257040, *5 (6th Cir. 2000), citing, 10A WRIGHT, MILLER & KANE, FED. PRAC. & PROC. CIV. 3d § 2682. Because Plaintiff has failed to properly serve any of the named Defendants in accordance with the Federal Rules of Civil Procedure, this Court must deny Plaintiff's Application for Entry of Default.

## I.   PLAINTIFF HAS NOT PROPERLY SERVED HIS FIRST AMENDED COMPLAINT ON DEFENDANTS.

Service upon an individual from whom a waiver has not been obtained and filed may be effected pursuant to the law of the state in which the district court is located, by delivering a copy of the summons and complaint to the individual personally, by leaving copies with an appropriate person residing at the defendant's usual place of abode or by delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. FED. R. CIV. P. 4(e). Service upon a corporation, partnership, or association from whom a waiver has not been obtained and filed may be effected pursuant to the law of the state in which the district court is located, by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and by also mailing a copy of each to the defendant. FED. R. CIV. P. 4(h).   Michigan Court Rule 2.105 provides that process may be served on a resident or nonresident individual by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant

3                    WARNER NORCROSS & JUDD LLP

> acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

M.C.R. 2.105(A).

Plaintiff has not served any Defendant with a copy of the Summons, his original Complaint, or his First Amended Complaint according to *any* of the aforementioned methods. Moreover, even after Defendants' counsel agreed to accept service on behalf of Defendants by regular or electronic mail, Plaintiff never sent or e-mailed a copy of the Summons or the First Amended Complaint to Defendants' counsel. Indeed, in both Plaintiff's Application for Entry of Default and his affidavit in support, Plaintiff relies merely on this Court's *issuance* of the summons. (*See* Dkt. #11 at 1, Dkt. #12 at 1.) Because Plaintiff has not properly served Defendants with his Amended Complaint, he is not entitled to entry of the default requested in his application. *Moseley v. Faurecia Automotive Seating, Inc.*, No. 08-10130, 2008 WL 1925051, at *3 (setting aside entry of default due to plaintiff's failure to effectuate service upon defendants.) Consequently, Plaintiff's Application for Entry of Default should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Application for Entry of Default.

Dated: April 19, 2011

/s/ Gregory M. Kilby
Edward J. Bardelli (P53849)
Gregory M. Kilby (P68266)
**WARNER NORCROSS & JUDD LLP**
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503
616.752.2000
ebardelli@wnj.com
gkilby@wnj.com
Attorneys for Defendants

5424237-1

4          WARNER NORCROSS & JUDD LLP

# Exhibit G

Exhibit G       On June 26, 2012 at Six circuit Court Appellee's Brief that

"[March 28, 2011] *Kim I* plaintiff [the U.S Marshals service] did not serve the Summons or a copy of his Complaint on any Defendants" (Case :12-1401 filed 06/26/2012 p. 40).

No. 12-1401

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### GWANJUN KIM

Plaintiff-Appellant

v.

GRAND VALLEY STATE UNIVERSITY, GRAND VALLEY STATE
UNIVERSITY—COLLEGE OF EDUCATION, GRAND VALLEY STATE
UNIVERSITY—COLLEGE OF COMMUNITY AND PUBLIC SERVICE,
THOMAS J. HAAS, ELAINE C. COLLINS, PAULA LANCASTER, OLIVIA A.
WILLIAMS, GEORGE GRANT, and LOIS SMITH OWENS.

Defendants-Appellees

On Appeal from the United States District Court
for the Western District of Michigan
Docket No. 1:11-cv-00233
The Honorable Robert J. Jonker

### APPELLEES' BRIEF

Edward J. Bardelli
Gregory M. Kilby
Warner Norcross & Judd LLP
900 Fifth Third Center, 111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
Telephone: (616) 752-2000
E-mail: ebardelli@wnj.com
Attorneys for Defendants-Appellees

Dated: June 26, 2012

**II.    The District Court Properly Denied Plaintiff's Repeated Requests to Enter a Default Judgment Against Defendants When Defendants Timely Answered the Complaint.**

Kim filed his original complaint on March 9, 2011.  (R. 1, Compl., Pg. ID 1-47.)  The Summons was issued on March 25, 2011.  Kim did not serve the Summons or a copy of his Complaint on any Defendants.  Then, on March 28, 2011, Kim sought leave to file his Amended Complaint.  (R. 6, Mtn., Pg. ID 54-56.)  The Court granted Kim's motion and deemed his Amended Complaint filed on April 1, 2011.  (R. 8, Order, Pg. ID 78 and R. 9, Am. Compl., Pg. ID. 79-98.)  As with his original Complaint, Kim did not serve a copy of the Summons or his Amended Complaint on any Defendants.

Aware that Kim was representing himself and likely unfamiliar with the service requirements as set forth in the Federal Rules of Civil Procedure, on April 11, 2011, Defendants' counsel reached out to Kim by e-mail and agreed to accept service of the Amended Complaint by either regular or electronic mail.  (R. 20, Ex. A. to Resp. to Mtn. for Default, Pg. ID 127.)  Kim, however, did not accept the invitation and never served the Amended Complaint on any Defendants or Defendants' counsel.  Instead, apparently believing that the Summons provided to the U.S. Marshal's office constituted service, Kim improperly applied to the

30

## CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Defendants respectfully request that the Court

affirm the district court's decision.

Dated:  June 26, 2012                    _s/ Edward J.Bardelli_
                                         Edward J. Bardelli
                                         Gregory M. Kilby
                                         Warner Norcross & Judd LLP
                                         900 Fifth Third Center
                                         111 Lyon Street, N.W.
                                         Grand Rapids, Michigan 49503-2487
                                         Telephone:  (616) 752-2000
                                         E-mail:  ebardelli@wnj.com

                                         Attorneys for Defendants-Appellees

33

# Exhibit H

On April 27,2016 *Kim II* Brief in Support of Motion to dismiss that

"there "is no evidence that [Marsh 28, 2011] defendants were served prior to [the ]filing of [the] additional application" and there was no basis for the Clerk's Office to enter either a default or a default judgment against any defendants" (*Kim II* Dkt. 1-5, PageID. 34-35)" ( Case no 1:16-cv-00309-RJJ-PJG, ECF No 21 PageID 76-77).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWANJUN KIM,                          Case No. 1:16-CV-309

            Plaintiff,                Hon. Paul L. Maloney

v.

GRAND VALLEY STATE UNIVERSITY;
THOMAS J. HAAS; GRAND VALLEY
STATE UNIVERSITY, COLLEGE OF
EDUCATION; ELAINE C. COLLINS;
PAULA LANCASTER; OLIVIA A.
WILLIAMS; GRAND VALLEY STATE
UNIVERSITY, COLLEGE OF
COMMUNITY AND PUBLIC SERVICE;
GEPRGE GRAMT [sic]; LOIS SMITH
OWENS; EDWARD J BARDELLI;
GREGORY M. KILBY,

            Defendant.

_____/

## BRIEF IN SUPPORT OF MOTION TO DISMISS

## II.   Collateral Estoppel precludes Kim from relitigating his claims.

Kim's complaint fails to state a "claim to relief that is plausible on its face" because it is
based entirely on two issues that have already been resolved against him: (1) whether the *Kim I*
defendants were served prior to his application for entry of default; and (2) whether counsel for
the *Kim I* defendants made misrepresentations regarding service. The re-litigation of these issues
is barred by collateral estoppel, and accordingly Mr. Kim's Complaint should be dismissed.

The doctrine of collateral estoppel (also known as "issue preclusion") dictates that "once
a court has decided an issue of fact or law necessary to its judgment, that decision may preclude
relitigation of the issue in a suit on a different cause of action involving a party to the first case."
*N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n (DPOA)*, 821 F.2d 328, 330 (6th Cir.
1987)(citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); and
C. Wright, Law of Federal Courts 678-96 (4th ed. 1983)). Collateral estoppel applies where four
requirements are met: "(1) the precise issue raised in the present case must have been raised and
actually litigated in the prior proceeding; (2) determination of the issue must have been necessary
to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final
judgment on the merits; and (4) the party against whom estoppel is sought must have had a full
and fair opportunity to litigate the issue in the prior proceeding." *N.A.A.C.P., Detroit Branch*,
821 F.2d at 330.

First, the issue of whether the *Kim I* defendants were served with process has been
actually litigated on at least twelve prior occasions. Each time, the Court has resolved the issue
against Kim. One such Order, dated June 29, 2011, is attached as Exhibit 5 to the *Kim II*
Complaint. The June 29, 2011 Order specifically finds that there "is no record that the Clerk's
Office re-issued summonses to serve the amended complaint", "there is no evidence that

6

defendants were served prior to [the first application for default]", there "is no evidence that defendants were served prior to the filing of [the] additional applications", and "there was no basis for the Clerk's Office to enter either a default or a default judgment against any defendant." (Kim II Dkt. 1-5, PageID.34-35.)

Likewise, the allegation of misrepresentation regarding service has been litigated and resolved against Kim on numerous occasions. For example, on October 9, 2012, Judge Jonker found that "Plaintiff has not shown fraud, misrepresentation, or misconduct by an opposing party, let alone by clear and convincing evidence." (Kim I, Dkt. 209, PageID.1483.) The Sixth Circuit agreed, finding "Kim's allegation that the defendants fabricated an email that they presented to the court lacks merit." (Ex. 2, CA 6 09/11/2013 Order on Case No. 12-2407 at 3.)

The remaining requirements for collateral estoppel are met as well. The litigation of these issues was necessary to the outcome of the proceeding because Kim asserted them as a basis for default, default judgment, and relief under Rule 60. (See e.g. Kim I Dkts. 11, 80, and 202, PageID.100-101, 492-498, 1435-1460.) The proceeding resulted in a final judgment on the merits, as the court found against Kim on these issues numerous times and ultimately granted the Kim I defendants' motion to dismiss under Rule 12(b)(6). Lastly, Kim has undoubtedly had "a full and fair opportunity to litigate the issue" where he has raised the same issue on twelve separate occasions, including on appeal to the Sixth Circuit.

In sum, Kim's Complaint is based entirely on issues that he is precluded from re-litigating under the doctrine of collateral estoppel. Accordingly, this Court should dismiss the Complaint and prevent further waste of the Defendants' and this Court's resources.

7

Dated:  April 27, 2016                    /s/ Kristina M. Araya
                                          Edward J. Bardelli (P53849)
                                          Kristina M. Araya (P74507)
                                          WARNER NORCROSS & JUDD LLP
                                          900 Fifth Third Center
                                          111 Lyon Street, N.W.
                                          Grand Rapids, Michigan 49503-2487
                                          616.752.2712
                                          ebardelli@wnj.com
                                          karaya@wnj.com

                                          Attorney for Defendants

11

# Exhibit I

On August 25, 2017 *Kim II* Appellees' counsel, Conor B. Dugan *"knowingly statement material to a false* 31 U.S.C. § 3729(a)(1)(B) that **Indifference** "there "is no evidence that [Marsh 28, 2011]defendants were served prior to filing of [the] additional application" and there was no basis for the Clerk's Office to enter either a default or a default judgment against any defendants" (id. at 2, Pg.ID 35.)" Appellees' Brief Case :16-2321 filed 08/25/2017 p.19.

No. 16-2321

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

GWANJUN KIM

Plaintiff-Appellant

v.

GRAND VALLEY STATE UNIVERSITY; GRAND VALLEY STATE
UNIVERSITY, COLLEGE OF EDUCATION; GRAND VALLEY STATE
UNIVERSITY, COLLEGE OF COMMUNITY AND PUBLIC SERVICE;
THOMAS J. HAAS; ELAINE C. COLLINS; PAULA LANCASTER; OLIVIA A.
WILLIAMS; GEORGE GRANT; LOIS SMITH OWENS; EDWARD J.
BARDELLI, and GREGORY M. KILBY

Defendants-Appellees

On Appeal from the United States District Court
for the Western District of Michigan
Docket No. 1:16-cv-00309
The Honorable Robert J. Jonker

**APPELLEES' BRIEF**

Edward J. Bardelli
Matthew T. Nelson
Conor B. Dugan
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
Telephone: (616) 752-2000
E-mail: conor.dugan@wnj.com
Attorneys for Defendants-Appellees                 Dated: August 25, 2017

there "is no evidence that defendants were served prior to the filing of [the] additional applications," and "there was no basis for the Clerk's Office to enter either a default or a default judgment against any defendant." (*Id.* at 2, Pg.ID 35.)

This Court has already agreed. In its order affirming the district court's dismissal of Kim's complaint in *Kim I*, this Court held that "nothing in the record indicates that Kim actually served the defendants with the amended complaint. Their answer—which waived service—was therefore timely." (*Kim I* R.217, Order 5, Pg.ID 1501.)

Likewise, Kim's allegation of misrepresentation regarding service has been litigated and resolved against Kim on numerous occasions. For example, on October 9, 2012, the district court held that "Plaintiff has not shown fraud, misrepresentation, or misconduct by an opposing party, let alone by clear and convincing evidence." (*Kim I*, R.209, Order 2, Pg.ID 1483.)

Again, this Court agreed. It held that "Kim's allegation that the defendants fabricated an email that they presented to the court lacks merit." (*Kim I* R.233, Order 3, Pg.ID 1728.) Further, it held that Kim's "remaining general allegations of fraud underlying the defendants' actions and the court's decisions in the defendants' favor merely restate arguments that the district court already rejected in dismissing his complaint and do not meet the standards of Rule 60(b)(3) or Rule 60(d)(3)." (*Id.*)

14

Furthermore, the district court correctly held that the remaining requirements for collateral estoppel were present. The litigation of these issues was necessary to the outcome of *Kim I* because Kim asserted them as a basis for default, default judgment, and relief under Rule 60. (*See, e.g., Kim I* R.11, Appl. for Default, Pg.ID 100-01; R.80, Mot. for Default J., Pg.ID 492-98; R.202, Mot. for Relief from J., Pg.ID 1435-60.) *Kim I* resulted in a final judgment on the merits, as the district court entered orders holding against Kim on these issues numerous times and ultimately granted the *Kim I* defendants' motion to dismiss under Rule 12(b)(6). Finally, Kim undoubtedly had "a full and fair opportunity to litigate the issue." Kim has raised the same issue on twelve separate occasions, including on appeal to the Sixth Circuit.

Indeed, that is why this Court has already held that "[t]here is no arguable basis to challenge the district court's determination" that the four requirements of collateral estoppel were "satisfied" in this case. (5/3/2017 Order Den. Mot. for IFP 3.)

In sum, the trial court did not err. The *Kim II* complaint is based entirely on issues that Kim was barred from relitigating by collateral estoppel. Accordingly, this Court should affirm the district court.

15

## CONCLUSION AND REQUESTED RELIEF

The district court and this Court have already determined that this appeal is frivolous.  Defendants respectfully request that this Court affirm the district court. Further, because Kim's appeal is frivolous, this Court should hold that he is subject to sanctions under Federal Rule of Appellate Procedure 38.


Dated:  August 25, 2017

s/ Conor B. Dugan
Edward J. Bardelli
Matthew T. Nelson
Conor B. Dugan
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503-2487
Telephone:  (616) 752-2000
E-mail:  conor.dugan@wnj.com

Attorneys for Defendants-Appellees

16

# Exhibit J

*Kim I,* docket 7 pageID 77 Proof of Service, docket 52-3 Page ID279 appears, and the U.S post office receipt appears ( *Kim I,* docket , 52-3 Page ID 281) that *Kim I* actually served the defendants with the amended complaint.

**FILED - GR**
March 28, 2011 2:43 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY ___ex5__/____ SCANNED BY /ms ,3/28

## THE UNITED STATES DISTRICT COURT

## WESTERN DISTICT OF MICHIGAN

GWANJUN KIM                              Case No. 1:11 cv233
                                         HON. ROBERT J. JONKER
                    *Plaintiff,*

Vs

GRAND VALLEY STATE UNIVERSITY, et al.,


                    *Defendants,*

### PROOF OF SERVICE

On the date below, I filed with Court and sent by first class mail a copy of a :
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND
APPLICATION FOR DECLARATORY AND INJUNCTIVE RELIEF, and
Proof of Service to

Grand Valley State University, Thomas J. Haas, GVSU College of Education, Elaine C.
Collins, Paula Lancaster, Olivia A. Williams, GVSU College of Community and Public
Service, George Grant, Lois Smith Owens.

1 Campus Drive
Allendale, MI 49401-9403

Interesting party (future represent defendants' attorney):
Mr. Edward J. Bardelli
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503-2487

        I declare that the statements above are true to the best of my information
knowledge, and belief.


Dated: March 25, 2011 _GwanJun Kim_____
                              GwanJun Kim

1

THE UNITED STATES DISTRICT COURT

WESTERN DISTICT OF MICHIGAN

GWANJUN KIM                                Case No. 1:11 cv233
                                           HON. ROBERT J. JONKER
                    *Plaintiff,*

Vs

GRAND VALLEY STATE UNIVERSITY, et al.,


                    *Defendants,*

## PROOF OF SERVICE

On the date below, I filed with Court and sent by first class mail a copy of a :
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND
APPLICATION FOR DECLARATORY AND INJUNCTIVE RELIEF, and
Proof of Service to

Grand Valley State University, Thomas J. Haas, GVSU College of Education, Elaine C.
Collins, Paula Lancaster, Olivia A. Williams, GVSU College of Community and Public
Service, George Grant, Lois Smith Owens.

1 Campus Drive
Allendale, MI 49401-9403

Interesting party (future represent defendants' attorney):
Mr. Edward J. Bardelli
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503-2487

        I declare that the statements above are true to the best of my information
knowledge, and belief.


Dated: March 25, 2011 _____
                                   GwanJun Kim

1

## meijer

S. State Rd.
Ionia, MI - # 303
(616) 527-9200    meijer.com

The Meijer Team appreciates your business
03/25/11
Your fast and friendly checkout was
provided by ELLEN

| /0882097029 | METER | | 5.36 |
| | SUBTOTAL | | 5.36 |
| | TOTAL TAX | | .00 |
| | TOTAL | | 5.36 |
| CHARGE VISA/MC/DIS | | TENDER | 3.77 |
| XXXXXXXXXXXX6095 | | | |
| CASH | | TENDER | 1.59 |

NUMBER OF ITEMS         1

See Service Desk or Meijer.com for
promotional and sale item return details.



A03030UNE02LP95

Tx:16  Op:1027134 Tm:140 St:303  07:57:00

---

=======================================

MEIJER STORE #303

2770 S State Rd

Ionia, MI, 48846-8472

254710-8001

03/25/2011  07:54:03 AM

=======================================

--------------- Sales Receipt ---------------

| Product | Sale | Final |
| Description | Qty | Price |

---

| 1st Large Env | 1 | $2.24 |
| (Domestic) | | |
| (GRAND RAPIDS, MI  49503) | | |
| (Weight:0 Lb 8.20 Oz) | | |
| 1st Large Env | 1 | $1.56 |
| (Domestic) | | |
| (GRAND RAPIDS, MI  49503) | | |
| (Weight:0 Lb 4.45 Oz) | | |
| 1st Large Env | 1 | $1.56 |
| (Domestic) | | |
| (ALLENDALE, MI  49401) | | |
| (Weight:0 Lb 4.40 Oz) | | |

---

| Total | | $5.36 |

---

| Cash | | $5.36 |

Thank you!

Bill#:  1-12367-1-434016-2

Clerk.  ........

.... total on stamps and postage.

# Exhibit K

Defendants admitted that defendants received the Amended Complaint

Exhibit A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GWANJUN KIM,

     Plaintiff,

v

GRAND VALLEY STATE UNIVERSITY,
GRAND VALLEY STATE UNIVERSITY –
COLLEGE OF EDUCATION, GRAND
VALLEY STATE UNIVERSITY –
COLLEGE OF COMMUNITY AND PUBLIC
SERVICE, THOMAS J. HAAS, ELAINE C.
COLLINS, PAULA LANCASTER, OLIVIA
A. WILLIAMS, GEORGE GRANT, and LOIS
SMITH OWENS,

     Defendants.

Case No. 1:11-cv-00233-RJJ-HWB

Honorable Robert J. Jonker

Magistrate Judge Hugh W. Brenneman, Jr.

---

GwanJun Kim
Lot 54
360 East Tuttle Road
Ionia, MI 48846
616.902.4344
gwanjun@hotmail.com
PRO SE

Edward J. Bardelli (P53849)
Gregory M. Kilby (P68266)
**WARNER NORCROSS & JUDD LLP**
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503
616.752.2000
ebardelli@wnj.com
gkilby@wnj.com
Attorneys for Defendants

---

## DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendants answer Plaintiff's First Requests for Admissions as follows:

1.    Admit that Exhibits *id* 1-19, Exhibits 20 and 9 are same, Exhibits A-E (at Dkt 73) the all Documents in Possession or Control of Plaintiff and Defendants.

**ANSWER:    Defendants object to this Request for Admission because it is vague and ambiguous.  Subject to and without waiving this objection, Defendants cannot truthfully admit or deny this Request for Admission because it is incomprehensible.**

- 1 -

22.    Admit that Each Defendant received Dkt # 1 Complaint.

**ANSWER:    Admitted.**

23.    Admit that Defendants received Dkt # 6 Amended Complaint.

**ANSWER:    Defendants admit only that their counsel received Docket No. 6.  To the extent that this Request to Admit purports to seek any other admission, Defendants deny the remainder of this Request to Admit as untrue.**

24.    Admit that Defendants received Dkt # 8 order.

**ANSWER:    Defendants admit only that their counsel received Docket No. 8.  To the extent that this Request to Admit purports to seek any other admission, Defendants deny the remainder of this Request to Admit as untrue.**

25.    Admit that Defendants received Dkt # 10 First set of interrogatories and first request for production of documents (Entered: 04/15/2011).

**ANSWER:    Defendants admit only that their counsel received Docket No. 10.  To the extent that this Request to Admit purports to seek any other admission, Defendants deny the remainder of this Request to Admit as untrue.**

26.    Admit that Defendants filed untimely answer to the amended complaint due to April 22, 2011.

**ANSWER:    Denied as untrue.**

27.    Admit that Defendants failure to appear Amended Complaint was willful because It was four (4) times served before, the Amended complain was answer due are patently insufficient to establish a reasonable excuse for the default.

**ANSWER:    Denied as untrue.**

28.    Admit that the summons this Court delivers to the U.S. Marshal and the U.S Marshal delivers to Defendants timely.

**ANSWER:    Defendants object to this Request for Admission because it is vague and ambiguous.  Subject to and without waiving this objection, Defendants cannot truthfully**

35.    Admit that Defendants' insurance company Marsh USA Inc has cover, each nine (9) Defendant liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy judgment.

**ANSWER:   Defendants object to this Request for Admission because it is vague and ambiguous.  Subject to and without waiving this objection, Defendants cannot truthfully admit or deny this Request for Admission because it is incomprehensible.**

36.    Admit that Defendants' insurance company Marsh USA Inc will not offered any money to settle this lawsuit.

**ANSWER:   Denied as untrue.**

37.    Admit that Defendants will not offer any money to settle this lawsuit.

**ANSWER:   Denied as untrue.**

38.    Admit that Plaintiff continues to have emotionally pain, weakness, loss of function and loss of endurance in his right Title VI. and § 1983 as result of the Defendants' violated.

**ANSWER:   Defendants cannot truthfully admit or deny this Request for Admission because, at this time, Defendants are unable to ascertain Plaintiff's emotions.**

Dated: October __6__, 2011

Edward J. Bardelli (P53849)
Gregory M. Kilby (P68266)
**WARNER NORCROSS & JUDD LLP**
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, MI 49503
616 752.2000
chardelli@wnj.com
gkilby@wnj.com
Attorneys for Defendants

5750997-1

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GWANJUN KIM

          v.

GRAND VALLEY STATE UNIVERSI

Case No. _____
Judge: _____
Corporate Disclosure Statement

Pursuant to the Corporate Disclosure Statement provisions in Local Civil Rule 7.1.1: Any non-governmental corporate party to a proceeding must file a Corporate Affiliations/Financial Interest statement identifying all of its parent, subsidiary and other affiliate corporations and listing any publicly held company that "controls, is controlled by, or is under common control with a publicly controlled corporation." A party must file the statement upon filing a complaint, answer, motion, response or other pleadings in this Court, whichever occurs first. The obligation to disclose any changes will be continuing throughout the pendency of this case.

In Compliance with those provisions, this Corporate Disclosure Statement is filed on behalf of:

GWANJUN KIM

1.  Is said party a parent, subsidiary or other affiliate of a publicly owned corporations?

    ____ YES    ✓ NO

If the answer is YES, list below the identity of the parent, subsidiary or other affiliate corporation and the relationship between it and the named party:

_____
_____

2.  Is there a publicly owned corporation, not a party to the case, that has a financial interest in the outcome?

    ____ YES    ✓ NO

If the answer is YES, list the identity of such corporation and the nature of the financial interest.

_____
_____
_____

_____
Signature of Counsel

01/12/2018
Date

"Certificate of Service"

**COUNSEL ARE REMINDED OF THEIR CONTINUING OBLIGATION
TO UPDATE AND SUPPLEMENT THIS STATEMENT**